1832.

Gregory
v.
Dodge.

---

## GREGORY & SELMAN *vs.* DODGE.

Where two orders are made and entered in a cause on the same day, one of which substantially embraces the other, and the defendant appeals from both orders, but one appeal, and only one appeal bond are necessary.

The practice of entering distinct orders in a cause, where several directions are given at the same time, with a view of increasing the costs, or rendering several appeals necessary, is not to be encouraged.

A suit brought to compel the defendant to account for and pay over to the complainants a balance alleged to be due on certain joint dealings, comes within the 87th section of the title of the revised statutes relative to writs of error and appeals ; and upon an appeal from an interlocutory order in such a suit, the court may require the doing of such other acts and things by the appellant as is specified in that section, to make such appeal operate as a stay of proceedings.

In all the cases coming within that section of the statute, the making the deposit, or giving the bond as required by the 80th section, and the filing the certificate of the vice chancellor, as required by the 116th rule, will stay the proceedings under the order appealed from in the first instance ; but the respondent may afterwards apply to the court for an order requiring the appellant to give the further security specified in the 87th section.

February 6.

THE bill in this case was filed by Gregory & Selman against the defendant Dodge, as the surviving partner of Dodge & Green, for an account and payment of what might be due to the complainants on account of a joint concern be-

tween themselves on the one part, and Dodge & Green on the other, for the purchase and sale of fish. At the hearing, before the late vice chancellor of the first circuit, he made an order suppressing the deposition of Levi H. Kingsbury, taken on the part of the defendant ; with the costs of taking thereof and of the motion, to be paid by the defendant. He also ordered a reference to a master to take and state an account between the parties ; and directed that in taking such account, the testimony of Kingsbury which had been thus suppressed, should be excluded by the master. The first of these orders, although made on the 17th of January, 1831, the same day on which the decretal order of reference was made, was entered as a separate order by the complainants' solicitor, and bore date three days afterwards. The defendant appealed from both orders, embracing them in the same notice of appeal, and executed one appeal bond only, in the sum of $100. The complainants' solicitor, upon an affidavit of these facts, applied to the present vice chancellor of the first circuit for leave to the complainants to proceed upon the reference notwithstanding the appeal, unless further security should be given on such appeal. The vice chancellor denied this application ; and from that decision the complainants appealed to the chancellor.

*R. Sedgwick & D. D. Field*, for the complainants.

*John R. Hedley*, for the defendant.

THE CHANCELLOR. Although the complainants entered two distinct orders which were appealed from by the defendant, yet, as the substance of the order suppressing the deposition of Kingsbury was contained in the decretal order of reference, it is substantially but one appeal, and only one bond was necessary. In Palmer's Practice of the House of Lords in England on appeals and writs of error, it is laid down, that if evidence has been offered to the court below and been rejected, the appellant may make that a part of his complaint by his appeal ; in which case the Lords will receive it, if they think it admissible. (*Palmer's Pr. 8.*) Parties are not to be

encouraged to enter separate and distinct orders in a cause, where several directions are given at the same time, either for the purpose of swelling the costs, or of rendering several appeals necessary; I therefore concur with the vice chancellor in his opinion, that there was no irregularity in the form or manner in which the defendant's appeal was entered.

The vice chancellor was also right in supposing that this was not a case coming within any of the provisions of the statute, from the 82d to the 86th sections inclusive, which require certain things to be done, or certain securities to be given, to render the appeal a stay of the proceedings in the first instance. (2 *R. S.* 606.) But he was incorrect, if he supposed this was not a case coming within the 87th section of the statute, which authorizes the court, in its discretion, to require security to be given, to render the appeal a stay of proceedings. This suit is brought to compel the defendant to account and pay over to the complainants a balance alleged to be due from him to them on certain joint dealings between the parties. The appeal is therefore an appeal from an interlocutory order, in a suit brought for the payment of money, or to compel the delivery or assignment of the portion of the securities which belong to the complainants, on that joint concern. The object of the 87th section was to give to the court a discretionary power, upon an appeal from any interlocutory order made in such suits as are mentioned in that section, to require the party appealing to give similar security, or to do similar acts, for the protection of the rights of the respondent, as are prescribed in the previous sections relative to appeals from final decrees. The object of the legislature was to prevent appeals from interlocutory as well as final orders for delay merely, and without giving any security for the eventual performance of the final decree which might be made in the cause. But as it was impossible for the legislature to define what security, &c. should be given, before the extent of the indebtedness was ascertained by a decree, it was necessarily left to the discretion of the court to examine into the circumstances and to direct what was reasonable and proper to be done, by analogy to what would have been required on an appeal from the final decree in the same cause. This section embraces nearly eve-

1832.

Gregory
v.
Dodge.

ry appeal from an interlocutory order, as the previous sections cover most of the final decrees in this court. And the 89th section was only intended to provide for a few cases which were undefinable, and which could not otherwise be provided for by legislation. In all that numerous class of cases which come within the provision of the 87th section, the making the deposit, or giving the bond as required by the 80th section of the statute, and filing the certificate of the vice chancellor, as required by the 116th rule of this court, will stay the proceedings under the order appealed from, in the first instance. But the respondent may afterwards apply to the vice chancellor for an order requiring the appellant to give security for the payment of such sum as may finally be awarded against him, or to do such other acts or things as he may be directed to perform by the final decree. As this is left to the discretion of the court, it should be a matter of course to require security, in analogy to the proceedings in other cases on appeal and on writs of error, wherever there is a reasonable probability that the demand of the respondent may be endangered by the delay. In this case, however, there is nothing in the affidavit on which the application was founded, to enable the court to regulate its discretion, or to show that the complainants, or their solicitor, apprehended danger from the delay ; or that the defendant was not fully responsible for the payment of any sum which might finally be adjudged against him. If he is a man of large property, and is litigating the question on the appeal in good faith, there is no necessity of requiring any further security in the mean time.

I have not been furnished with the pleadings, &c. which, by the notice annexed to the affidavit, appear to have been referred to on the motion before the vice chancellor. But from the abbreviation thereof, which I find among the papers, I presume there was nothing in them which could alter the case from that stated in the affidavit. For that reason the vice chancellor was right in refusing to stay the proceedings upon the mere suggestion of counsel that there would be danger from the delay.

The order appealed from in this case must therefore be affirmed, with costs.