THE STATE *ex rel.* BOYINGTON, *Appellant*, v. RANSON *et al.*

Attachment: INTERPLEA: APPEAL: SUPERSEDEAS: EXECUTION, WHEN OFFICER NOT LIABLE FOR FAILURE TO LEVY. The pendency of the appeal of an interpleader from the judgment of a justice of the peace in an action of attachment, where bond is given by the interpleader, operates as a *supersedeas* in the cause, and prevents the sale of the attached property pending such appeal, and an officer is not liable in such case for failure to levy an execution issued against the property interpleaded.

*Appeal from Jackson Circuit Court.*—HON. F. M. BLACK, Judge.

AFFIRMED.

*Bryant, Holmes & Waddill* for appellant.

The defendant in the attachment suit having been personally served, the judgment and execution against him were general. 1 W. S. pp. 188, 189, secs. 36, 40. And by virtue of the provisions of 2 Wagner's Statutes, page 841, section five, that execution was a perfect and subsisting lien on the goods, which had been seized under the writ of attachment and which were then in the custody of defendant Ranson, as constable. " In all cases of seizure of personal property, under attachment, the officer is compelled to determine, at his peril,

whether the property seized is that of the defendant in the writ." After the officer has so determined that the property is the defendant's, and has seized it under the attachment, the property instantly passes into the custody of the law by order of the court issuing the writ of attachment, and is from that time forth subject to the orders of that court; so that when the plaintiff's debt ripened into a judgment, it was the plain duty of the officer to have obeyed the mandate of the court contained in the execution, and have levied the same, a general execution under the circumstances of this case, where the defendant has been personally served, having precisely the same effect as a special execution. R. S. 1879, sec. 455; 69 Mo. 149. If the property of a third person is seized under a writ of attachment, he has, certainly while the attachment is pending (and most, if not all of them even afterward), several remedies open to him. He may interplead, maintain replevin, trespass, an action on the bond of the officer, or (under R. S. 1879, secs. 3023, 3025), demand the property, and if not delivered, sue upon the indemnifying bond. *State ex rel. v. Langdon,* 57 Mo. 353; *State ex rel. v. Fitzpatrick,* 64 Mo. 185. And if the claimant interplead, and his interplea be sustained, he may still maintain trespass against the officer (*Clark v. Brott,* 71 Mo. 473); or against the plaintiffs, if they defend the interplea. *Perrin v. Claflin,* 11 Mo. 13. This being the case the claimant could just as well maintain any one of the other remedies already mentioned, if applicable to the then condition of the property, and would afford him more adequate and complete redress. "The right to interplead is in the nature of an action of replevin, engrafted upon a suit by attachment." *Burgert v. Borchert,* 59 Mo. 85. It is tantamount to an action of replevin without bond and will not absolve an officer from his duty to levy an execution.

*C. O. Tichenor* for respondent.

(1) Without the statute, parties could not come into

court as interpleaders. *Gordon v. McCurdy*, 26 Mo. 305; *Risher v. Gilpin*, 29 Ind. 53. (2) The issues upon the interplea shall be tried without unnecessary delay. R. S., sec. 449; *Keiser's Adm'r v. Moore*, ·16 Mo. 180; *Ladd v. Cousins*, 35 Mo. 516. (3) The writ of attachment is to hold the property seized to satisfy a judgment to be obtained, subject to the result of a plea in abatement or an interpleader, in case such should be filed. The property is in the custody of the court. *State to use, etc., v. Langdon*, 57 Mo. 355; *Metzler v. Graham*, 66 Mo. 660; s. c., 57 Mo. 410; *Weisnecker v. Kepler*, 7 Mo. 54; *O'Brien v. Norris*, 16 Md. 129; *Hall v. Richardson, Ib.* 410; *Heinman v. King*, 8 B. Mon. 565; *Hershey v. The Institute*, 15 Ark. 130. It is because of this that state and United States courts refuse to interfere with property, seized by the writs of the other. See cases cited in *Metzler v. Graham*, 57 Mo. 410. (4) The interplea concerns the property. It is the road by which the claimant pursues it; a money judgment cannot be rendered. *Hewson v. Tootle*, 72 Mo. 632. If plaintiff's position is correct, an interplea will always be in vain— will be a pursuit after a thing which has effectually escaped. (5) Levy means actual seizure of the personal property; as there had been such seizure by the attachment, no levy was necessary under the execution. *State to use, etc., v. Doan*, 39 Mo. 49. Under these circumstances the officer could not be sued for failure to levy. Whether it was a proper case for an officer to sell should have been tested by an application to the circuit court for an order to sell.

SHERWOOD, J.—Action on the bond of Ranson, as constable, for failure to execute and levy a certain execution in favor of relator and against Joseph Cochran. The facts in the case appear in the following agreed statement of facts:

"1. That on August 21, 1875, the relator commenced a suit, by attachment, against one Joseph

Cochran before Langston Bacon, a justice of the peace in and for Kaw township, Jackson county, Mo., in which suit a writ of attachment was duly issued and directed and delivered to Thomas Fitzpatrick, the then constable of Kaw township, and which said writ of attachment was duly served personally on said Joseph Cochran, and by attaching the following goods and chattels as the property of said Cochran, to-wit: One walnut bedstead, one walnut bureau (marble top), one marble top washstand, one oak bedstead, one oak marble top bureau, and one oak washstand.

"2. That on September 21, 1875, the said attachment writ having been duly transferred by change of venue from said Langston Bacon to W. H. Sutton, a justice of the peace in and for said Kaw township, one S. A. Cochran interpleaded for the goods attached, and on September 21, 1875, judgment was duly rendered thereon against said interpleader and in favor of said relator, from which said judgment by said Sutton, justice, the said interpleader on September 24, 1875, duly appealed to the Jackson county special law and equity court, where the judgment of said justice on said interplea was duly affirmed on May 23, 1877.

"3. On October 5, 1875, the defendant Ranson, having been duly appointed constable of said Kaw township to succeed said Thomas Fitzpatrick, together with defendants, Lucius Cary and Aimie Guinotte and Bernard Donnelly, as his sureties, duly executed and delivered his official bond, a true copy of which bond, and of the approval of the county court endorsed thereon, duly certified by Wm. Z. Hickman, county clerk, is attached to the petition in this cause; and the said goods so attached, as aforesaid, duly passed into the possession of said Ranson as the successor of said Fitzpatrick.

"4. The relator's attachment against said Joseph Cochran was duly sustained, and on November 15, 1875, judgment was duly rendered by said Sutton, justice, in

said attachment suit, in favor of relator and against said Joseph Cochran for $127.15 and costs, taxed by said justice as follows : Justice's costs (Sutton), $8.75 ; constable's costs, $6.50 ; justice's costs (Bacon), $4.50 ; A. W. Moise (two days as witness), $1.00.

"5. On said November 15, 1875, execution was duly issued by said Sutton, justice, upon said last mentioned judgment, and directed and delivered to defendant Ranson, as such constable of Kaw township, whereby the said Ranson was directed and commanded to levy the said debt, interest and costs recovered by the relator as aforesaid, of the goods and chattels of said Joseph Cochran ; and the relator on said November 15, 1875, then and there directed and commanded said Ranson to levy said execution on the goods and chattels so attached, as the property of said Joseph Cochran, and then in the possession of said Ranson as aforesaid ; but said Ranson did not execute and levy said execution on said goods as commanded, but wholly neglected and refused so to do, and on February 14, 1876, returned said execution wholly unsatisfied ; nor did the said Ranson, on the return of said writ, or at the time the same ought to be returned, have the money in said writ specified or thereon endorsed, and directed to be levied, or any part thereof, before the court, or pay the same according to the exigency of said writ.

"6. On December 11, 1875, the said Joseph Cochran filed his voluntary petition in bankruptcy, in the United States district court for the western district of Missouri, and he was, by said court, on December 13, 1875, duly adjudged a bankrupt. Afterwards, in November, 1876, said Ranson, holding said property, went out of office, and one Samuel Howard, to whom said Ranson then delivered said property, was his successor in office. And afterwards (after May 27, 1877, the date of the affirmance of the judgment on said interplea), on the demand of the assignee in bankruptcy of said Joseph Cochran, said

property was by said Howard delivered to said assignee in bankruptcy."

The trial court, upon the facts thus agreed, refused a declaration of law "that on the pleadings and agreed statement of facts, the finding and judgment must be for plaintiff," and thereupon gave judgment for the defendants. This ruling we regard as correct. The pendency of the appeal of the interpleader, he having given bond, as he must have done, in order to take an appeal from the judgment of the justice, operated as a *supersedeas* in the cause and prevented any sale of the attached property pending such appeal. This must be true, or else such an appeal fails of its customary effect, and is shorn of its ordinary powers. We see nothing in the statute warranting any view contrary to the one now expressed. It is true section 449, Revised Statutes, provides that when an interplea is made for attached property, that the issues made by the interplea "shall be tried without any unnecessary delay;" but this mandate of the statute is not to be permitted to thwart and override other statutory provisions, relating to appeals when accompanied by bonds. In the case of *The State ex rel. v. Lewis*, 76 Mo. 370, the same position was taken in regard to a writ of mandamus, and it was urged that as, under the provisions of the statute, section 3260, the peremptory writ was to be granted "without delay," that these provisions prevented an appeal taken in the cause, bond being also given, from operating as a *supersedeas*. But this court ruled this position was not law, though in the case of *School District No. 11 v. Lauderbaugh*, 80 Mo. 190, in which I dissented, it had taken the previously taken, the now repudiated view.

No sound distinction, in my opinion, can be taken between the effect of the statute relating to interpleas and of that relating to peremptory writs of mandamus. In the former case, as well as in the latter, an appeal with bond operates as a *supersedeas*, and while the law,

in a case like the present, ties the hands of the officer and prevents him from doing aught under an execution issued against the property interpleaded for, it is neither so inconsistent, unreasonable nor unjust, as to hold such officer liable for non-performance of something out of his power.

We affirm the judgment. All concur.