MERRIAM v. THE ST. LOUIS, CAPE GIRARDEAU & FT. SMITH RAILWAY COMPANY et al., Appellants.

In Banc, January 22, 1895.

1. **Appeal:** FINAL ORDER: APPOINTING RECEIVER. Under the law of 1891, regulating appeals (Acts, 1891, p. 70), an appeal will not lie from an order appointing a receiver and directing the delivery to him of property in suit pending litigation for an accounting in respect to said property. Such an order is not a final judgment within the meaning of the statute referred to, but is interlocutory in its character. (*Greeley v. Missouri Pacific Railway Company*, 123 Mo. 157, *followed*.)

2. **Appellate Practice:** MOTIONS: ORAL ARGUMENT: RULE OF COURT. Under supreme court rule 3, providing that no motion shall be argued unless by the direction of the court, appellant can not complain that an oral argument was not allowed on the motion to dismiss the appeal.

*Appeal from Iron Circuit Court.*

MOTION TO SET ASIDE ORDER OF DISMISSAL OF APPEAL
OVERRULED.

*John W. Noble, M. R. Smith* and *George D. Rey-
nolds* for Missouri Pacific Railway Company, appellant.

(1) Appellant contends that the order made on
the twenty-fourth day of July, 1893, by the Hon. John
G. Wear, in vacation, appointing Eli Klotz receiver of
the railway and all its property, so far as this suit is
concerned, is final. High on Receivers [2 Ed.], sec.
27*a*, p. 31; *Barry v. Briggs*, 22 Mich. 201; *Taylor v.
Sweet*, 40 Mich. 736; *Iron Co. v. Meeker*, 109 U. S.
180; *Bank v. Iron Works*, 58 Mich. 315; 20 Am. and
Eng. Encyclopedia of Law, p. 105; *Hodges v. McDuff*,
69 Mich. 76. (2) It also contends that such order
materially affects the merits of the suit or action. R.
S. 1889, sec. 2250. "Materially affecting the merits of
the action" is the language of the statute under which
this appeal was granted. This is equivalent to affecting
"a substantial right." *Railroad v. Sloan*, 31 Ohio St.
7; *Moler v. Gilbert*, 104 N. Y. 205; *Gilbert v. Thayer*,
N. E. Rep. 148; *In re Halsey*, 93 N. Y. 48. The
material, or substantial right, going to the merits of
the case, was committed by the court when it made the
order appointing a receiver for the entire railroad,
when the respondent's mortgages covered only about
one fourth of the road; and when, by its order, it
authorized the receiver to take and appropriate all the
rents and the profits of the entire road to the payment
of the interest due on bonds secured by mortgages,
constituting such bonds a lien only on a small part of
the railroad. Elliott's Appellate Procedure, p. 73, note
1; *Spitley v. Frost*, 15 Fed. Rep. 304.

ON MOTION TO SET ASIDE DISMISSAL OF APPEAL.

PER CURIAM.—The motion to dismiss the appeal of the defendant railway company was sustained upon the authority of the judgment in *Greeley v. Railroad,* 123 Mo. 157 (27 S. W. Rep. 614), it being considered that the principles announced therein governed the appeal from the order in the present case appointing Mr. Klotz as a receiver of the railway property (or rather from the refusal of the court to set aside that order), in the circumstances exhibited in the various opinions rendered in the course of the litigation between these parties. *State ex rel. Klotz v. Ross* (1893), 118 Mo. 23; *State ex rel. Merriam v. Ross* (1894), 122 Mo. 435 (25 S. W. Rep. 947).

The court did not regard the facts presented by the two appeals as so essentially different as to prevent the proper application of the judgment upon the former appeal to the latter.

In view of the full consideration which the question, raised by the motion to dismiss in the case at bar, had received at the same term, in the *Greeley case,* it was not thought needful to repeat the grounds of the ruling.

Appellant has since filed a motion to set aside the order of dismissal, claiming, under section 2309 (R. S. 1889), that it was entitled to have a written statement of the opinion of the court (which this memorandum is now intended to afford); and that it should have been accorded an oral argument upon the motion to dismiss.

The latter contention is met by rule 3 of the court (120 Mo. 743); and, moreover, we are satisfied that no prejudice resulted to appellant on that account for the views of its counsel were very fully and ably presented by printed arguments.

The appellant has also submitted, on the pending motion, some further suggestions to sustain the appeal; but we are all of the opinion that they do not furnish sufficient reasons to change the conclusion heretofore announced.

The motion to set aside the order of dismissal of the appeal is, hence, overruled, all the judges concurring.