THE STATE *ex rel.* THE ST. LOUIS AND KIRKWOOD RAILROAD COMPANY *et al.* v. HIRZEL, *Judge, et al.*

In Banc, February 9, 1897.

1. **Appeal**: INTERLOCUTORY ORDERS: STAY OF EXECUTION: STATUTE. A "stay of execution," within the meaning of section 2249 (R. S. 1889) means a stay of all process to enforce any affirmative command of the judgment. The same effect should be given to a stay on interlocutory orders appealable under the act of 1895 (Laws 1895, p. 91). (SHERWOOD and BURGESS, JJ., dissenting.)

2. ————: APPOINTMENT OF RECEIVER: SUPERSEDEAS BOND: STATUTE. The giving of a *supersedeas* bond under section 2249 releases any execution that may have previously been sued out. So an appeal with an approved bond upon the appointment of a receiver, releases the property taken by the receiver under the order of appointment. (SHERWOOD and BURGESS, JJ., dissenting.)

3. ————: ————: ————. An appeal from an interlocutory appointment of a receiver brings the merits of the appointment under review. But no appeal lies from an interlocutory order refusing to appoint a receiver or setting aside an order of appointment.

4. ————: SUPERSEDEAS BOND. The due approval of an appeal bond determines its sufficiency as a *supersedeas* until the further order of some competent court.

5. **Prohibition**: SUPERSEDEAS BOND: RECEIVER. The writ of prohibition is available where a judge refuses effect to a *supersedeas* bond, and keeps a receiver in possession of a railroad that should be released on the giving of such bond.

6. ————: APPEAL: WRIT OF ERROR: SUPERSEDEAS. Prohibition can not be used to correct mere error in judicial action. But the fact that appeal or error is available to correct a ruling (in excess of lawful power) will not preclude the use of prohibition where those remedies are not reasonably adequate and prompt in the circumstances. The writ will lie in Missouri to prevent the execution of process that has been duly superseded.

State ex rel. v. Hirzel.

7. ———: PRACTICE: WANT OF JURISDICTION. Where want of jurisdiction appears on the face of a record, it is not necessary to first apply to the court of the record to stop action, before asking a prohibition from a higher court on account of such want of jurisdiction.

8. ———: ———: PARTIES. Under the Missouri act regulating prohibition proceedings, the real parties should be plaintiff and defendant. The state need not be a party; and the general provisions of the code of practice are applicable to such cases.

9. Appeal: APPOINTMENT OF RECEIVER. A receiver may be appointed in vacation, and so may a statutory appeal from the appointment be then allowed, and all the steps be taken to perfect it.

10. Prohibition: APPELLATE PRACTICE. The supreme court on granting a prohibition will make an order to undo the acts done in excess of jurisdiction.

11. Statutes: CONSTRUCTION. An amendment of part of an act should be construed in connection with other parts of the old act.

12. Appellate Practice: MOTION TO RESTORE PROPERTY. Whether a motion would lie in the appellate court to restore property unlawfully held on process, pending an appeal, *quaere*.

### *Prohibition.*

RULE MADE ABSOLUTE.

*M. R. Smith* and *Edward Hidden* for relator.

(1) By the state constitution this court is vested with a general superintending control over all inferior courts with the power to issue writs of *habeas corpus, mandamus, quo warranto, certiorari* and other original remedial writs, and to hear and determine the same. State constitution, art. 2, sec. 3; *State ex rel. v. Ross,* 122 Mo. 164; *State v. Mead,* 36 Mo. 232; 8 Bacon's Abr., p. 266. That this court has the power to superintend the powers of inferior courts as to matters of their jurisdiction we assume will not be disputed. (2) Prohibition is the proper remedy to correct the acts of an inferior court, whether done by such court in vacation or term time, when such acts constitute an abuse or are in excess of this jurisdiction and power as a

judge or a court. *Railroad v. Wear*, 36 S. W. Rep. 364; *State ex rel. v. Court of Appeals*, 99 Mo. 221; 8 Bacon's Abr., 221 (H); *London v. Cox*, L. R. 2 H. L., 279; Works on Jurisdiction and Courts (1894), p. 628, note 3; High on Extra. Rem. [3 Ed.], secs. 762 and 764a; *Appo v. People*, 20 N. Y. 531; *Ex parte Braulacht*, 2 Hill (N. Y.), 368.   (3) Prohibition may be granted to prevent a "violation of some fundamental principle of justice or the transgression of the bounds prescribed by law." *People ex rel. v. Nichols*, 79 N. Y. 592; *State ex rel. v. Kirkland*, 41 S. C. 35; *Hudson v. Sup. Court*, 42 Mich. 248; *West v. Ferguson*, 16 Gratt. 270.   (4) Prohibition is the appropriate remedy, pending an appeal from an inferior to a superior court, to prevent the former from exceeding its jurisdiction by attempting to execute the judgment appealed from.   *State v. Judge*, 21 La. Ann. 735; *State v. Judge*, 24 La. Ann. 598. (5)   Thus, it lies to restrain the execution of an order of seizure and sale of property, under a judgment from which an appeal has been taken, which is still undetermined in the appellate court.   *State v. Judge, supra;* High on Extraordinary Legal Remedies, sec. 789, p. 572.   (6)   The object of the writ being to restrain subordinate judicial tribunals of every kind from exceeding their jurisdiction, its use in all proper cases should be upheld and encouraged, since it is of vital importance to the due administration of justice that every tribunal vested with judicial functions should be confined strictly to the exercise of those powers with which it had been by law intrusted.   *Appo v. People*, 20 N. Y. 531; High on Extraordinary Leg. Rem., p. 550.   (7) The act of April 11, 1895, must be construed in connection with, and as a part of the general statutes regulating appeals in this state.   *Railroad v. Wear*, 36 S. W. Rep., p. 364.   (8) Statutes must be construed with reference to the whole system of which

they form a part. *St. Louis v. Howard*, 119 Mo. 45; *State ex rel. v. Klein*, 116 Mo. 264–267; *State ex rel. v. Woodson*, 128 Mo. 516. (9) This amendment providing for an appeal from an order, refusing to revoke, etc., an order appointing a receiver should receive a liberal and effective construction, so that when an appeal is perfected, the general statutes regulating appeals should apply in all their intended force, so as to effect the purposes thereof. *Railroad v. Merriam*, 36 S. W. Rep. 630; *Railroad v. Wear*, 36 S. W. Rep. 364. (10) The affidavit for an appeal having been filed immediately after the overruling of the motion to revoke, etc., the order appointing receiver, and the presentation of the bond with approved sureties present, ready to sign same, with a request for judge to fix the amount, so that it should operate as a *supersedeas*, was doing all that defendants could do, and in contemplation of law constituted a perfect appeal, so much so as to render all orders of the judge thereafter ineffective, because made without jurisdiction. *State ex rel. v. Dillon*, 98 Mo. 90–93; *Railroad v. Evans, etc., Brick Co.*, 85 Mo. 322; *State ex rel. 'v. Lewis*, 76 Mo. 370; *State ex rel. v. Dillon*, 96 Mo. 61; *State ex rel. v. Woodson*, 128 Mo. 521; *Amer. Brewing Co. v. Talbot*, 125 Mo. 391; *Lewis v. Railroad*, 59 Mo. 503; *State ex rel. v. Ransom*, 86 Mo. 332; *Riehle v. Henlings*, 38 N. J. Eq. 84; Elliott's Pract. (Appellate), sec. 541, note 1, and 542, note 2; *Thormly v. Mahoney*, 24 Cal. 569; 1 Black on Judgments, sec. 243; *Cook v. Coal*, 55 Iowa, 73; High on Receivers [3 Ed.], sec. 130, p. 119. (11) A *supersedeas* follows *ipso facto* on the performance of the statutory requirements. *Hanna v. Pittman*, 25 Ark. 275; *Born v. Horstmann*, 80 Cal. 452; *Carter v. Bennett*, 5 Fla. 92; *In re Branch Tp. Road*, 4 Leg. Gaz. (Pa.) 413; 24 Am. and Eng. Ency. Law, p. 586, note (5), and p. 589, note (1). (12) The bill failing to allege that

all legal remedies had been exhausted, failed to confer jurisdiction authorizing the appointment of a receiver, and an order made for that purpose was and is void. *Merriam v. Railroad*, 122 Mo. 435.

*Dawson & Garvin* for respondents.

(1) Prohibition will not lie to restrain the judge from exercising his jurisdiction over the subject-matter and persons to be affected. *State ex rel. v. Burckhartt*, 87 Mo. 533; *State ex rel. v. Smith*, 104 Mo. 423; *State ex rel. v. Railroad*, 100 Mo. 59; *American Casualty Co. v. Lea*, 56 Ark. 543; *State ex rel. v. Withrow*, 108 Mo. 1; *State ex rel. v. Klein*, 116 Mo. 259; *Goldsmith v. Owen*, 95 Ky. 420; High, Ex. L. Rem., sec. 767a. (2) A single creditor can file a creditor's bill, and unless other creditors voluntarily come in and join in the proceeding the creditor suing will be entitled to the fruits of his victory. *Williams v. Jones*, 23 Mo. App. 132; *Heiman v. Fisher*, 11 Mo. App. 275; Beach on Receiver, (1887), sec. 612, p. 549. (3) It is not the office of prohibition to correct the informality of the receiver's proceeding with respect to bond, or affidavit, or inventory. High on Receivers [3 Ed.], secs. 99, 122; *Shulte v. Hoffman*, 18 Tex. 678; *Bank v. Cooper*, 54 Me. 438; *Ex parte Braudlacht*, 2 Hill (N. Y.), 368. (4) The extraordinary writ of prohibition can not be brought into requisition as a speedy substitute for an appeal or writ of error. *State ex rel. v. Scarritt*, 128 Mo. 340; *State ex rel. v. Ross*, 122 Mo. 462; *State ex rel. v. Walbridge*, 123 Mo. 533; *In re N. Y., etc., v. Steamship Co.*, 155 U. S. 523; *Wardell v. Railroad*, 103 U. S. 658; *Wilson v. Berkstresser*, 45 Mo. 283; *Ex parte Ellyson*, 20 Grat.t 10; High's Extr. L. Rem. [3 Ed.], secs. 763–767; *Grigg v. Dalsheimer*, 88 Va. 508; *State v. Cole*, 33 La. Ann. 1356; *Epperson v. Rice*,

102 Ala. 668; *Porter v. Sabin*, 149 U. S. 473; *State ex rel. v. Court of Appeals*, 99 Mo. 222–224. (5) Section 2249, Revised Statutes, Missouri, respecting stay of execution, relates solely to bonds being given when appeals are taken from a final judgment under section 2246, to some appellate court. *State ex rel. v. Walbridge*, 123 Mo. 536; *State ex rel. v. Woodson*, 128 Mo. 497; *State ex rel. v. Lewis*, 76 Mo. 379; *State ex rel. v. Dillon*, 96 Mo. 61. The appeal in this case being taken after the receiver was in full possession does not oust him of possession, whether after the appeal taken he is to get his orders from the court appointing him or from the supreme court pending this appeal. *Farmers' Loan & Trust Co.*, 129 U. S. 206; *Hovey v. McDonald*, 109 U. S. 156; *State ex rel. v. Dillon*, 96 Mo. 62; High on Receivers [3 Ed.], sec. 15; *Ferguson v. Dent*, 29 Fed. Rep. 9; Elliott's Appellate Procedure, secs. 391, 392; *Graves v. Maguire*, 6 Paige's Ch. 381, 382; *Riehle v. Henlings*, 38 N. J. Eq. 84. (7) The receiver being in possession before the motion to vacate was considered, the decree of August 27, 1896, was fully executed and the order of August 29, 1896, refusing to vacate this decree, which is herein appealed from, is self-executing, and the appeal has no *supersedeas* effect, except, perhaps, as to costs. Elliott's Appellate Procedure, pages 391, 392, and cases cited; *Swing v. Townsend*, 24 Ohio St. 1; *Hutton v. Lockridge*, 27 W. Va. 428; *State ex rel. v. Woodson*, 128 Mo. 518; *State ex rel. v. Dillon*, 96 Mo. 61; *Hovey v. McDonald*, 109 U. S. 160; *Schenk v. Peay*, 1 Dill. 267; High on Receivers [3 Ed.], secs. 15, 161. A preliminary receivership is, in effect, an injunction. Edwards on Receivers, 13, and cases *supra*. (8) The real complaint of relators is that Judge Hirzel refused to grant them a *supersedeas* order and keep the receiver out of the possession until by appeal they should take this branch of the case out of his jurisdiction. Judge

Hirzel, in the exercise of his judicial discretion, refused under all the facts in the case to make this order as he had a right to do. *State ex rel. v. Court of Appeals*, 99 Mo. 216; *Robinson v. Ross*, 40 Ga. 375; *Cohen v. Garnett*, 42 Ga. 46; High on Receivers [3 Ed.], sec. 25, p. 27; *State ex rel. v. Chase*, 41 Ind. 356; *Walls v. Palmer*, 64 Ind. 496; *Hovey v. McDonald*, 109 U. S. 160; High's Extr. L. Rem. [3 Ed.], sec. 168; Elliott, Appellate Proc., secs. 726, 399; Works on Courts and Their Jur., p. 635.

BARCLAY, J.—This is an original proceeding to obtain a prohibition against Judge HIRZEL, as circuit judge of St. Louis county.  The plaintiffs are the same parties who are defendants in the case of Mrs. Spencer and her husband against them, in the circuit court of the said county.  The demand for a prohibition is founded upon proceedings in the Spencer case.  The petition therein may be shortly described as a creditors' bill against the St. Louis and Kirkwood railroad company, the Scenic railroad company, and Mr. Houseman.  One of its features is a prayer for a temporary receiver to preserve and manage a certain railway line, situated in part in St. Louis county.  An application for such receiver in that case was granted, August 27, 1896, after due consideration, by the learned circuit judge in vacation. Defendants immediately filed a motion to vacate that order, which motion was overruled, August 29, 1896.  On the last named day, an appeal was allowed to the supreme court from the order overruling the motion to vacate the appointment of a receiver, the proper affidavit having been made.  An appeal bond in the sum of one thousand dollars was afterwards duly approved by the circuit judge.  Between the appointment and the ending of the steps for a suspensive appeal, the receiver was put into actual posses-

sion of the property by means of a writ of assistance in the hands of the sheriff.

All of these proceedings took place during vacation of the circuit court; and defendants duly saved exceptions to the vital rulings.

An unfortunate controversy arose touching some understandings between the counsel and the learned trial judge during the progress of the events described; but the case at bar can be decided without attempting to solve the issues of fact involved in that controversy. In the view entertained by this court of the undisputed and admitted facts, there is little difficulty in reaching a judgment. The receiver retained possession of the property after the perfected appeal, and did not turn it back to the possession of the defendants, notwithstanding the approval of their appeal bond. The receiver was mady a party defendant in the present action in this court, along with the said judge, and the sheriff who enforced the writ of assistance.

No question as to proper parties has been started.

The gravamen of the plaintiffs' complaint here is that the learned circuit judge maintains the receiver in possession, despite the appeal and bond. The object of this proceeding is to prohibit him from persisting in that course.

The action in the supreme court was commenced September 8, 1896. A preliminary rule in prohibition was made by our learned brother GANTT, in vacation, substantially to the effect that defendants "be prohibited from attempting to take or hold further possession of said St. Louis & Kirkwood railway company or any of its property, by virtue of said order appointing said receiver, and the said writ of assistance issued in aid thereof, pending said appeal;" and that they show cause "why said receiver should not be ordered to restore forthwith any and all of said railroad and prop-

erty of the said St. Louis & Kirkwood Railroad that may be in his possession, by reason of said order.''

Returns to the rule were filed by the several defendants.

We have gleaned the above recited facts from the pleadings, omitting much that the parties appear to deem important, but which we regard as immaterial, considering the opinion we entertain of the proper construction of the law of 1895 (Sess. Acts, 1895, p. 91).

1.   The legislative act just mentioned forms part of the general law governing appeals.  It is an amendment to section 2246 of the revision of 1889.  The provisions of section 2249 concerning the stay of execution to enforce appealable orders, are, therefore, applicable to appeals from orders refusing to vacate the appointment of a receiver.  What is the effect of such an appeal, if accompanied with the approved statutory bond?

It was held in *State ex rel. v. Lewis* (1882), 76 Mo. 370, that the ''stay of execution'' mentioned in this law is not merely a stay of an execution in its technical sense, but a stay of the appropriate process to enforce compliance with the judgment, where the latter commands something affirmative to be done.  That idea has been since repeated. *State ex rel. v. Ranson* (1885), 86 Mo. 327.

The provisions for a stay of execution should have a similar interpretation as applied to the interlocutory orders appealable under the law of 1895.  When a receiver, pending a suit, is appointed, and an appeal is duly taken (with statutory stay bond) after the order to vacate has been overruled, the further execution of the order appointing the receiver is stayed by virtue of the statute.  R. S. 1889, secs. 2249, 2255.

In the case of an ordinary execution, the giving of

a stay or supersedeas bond, in the required way, not only stops further active steps upon that process, but in Missouri it also releases any execution that may have been taken out, prior to the filing of the bond. R. S. 1889, secs. 2249, 2289.

The statutory declarations on this point set at rest a question which has been a subject of some discussion and differences of opinion in other jurisdictions. 2 Freeman, Executions [2 Ed. 1888], sec. 271a.

A receivership of such property as is involved in this controversy , namely, a going railway line, necessitates activity.    The receiver is but the representative or hand of the judicial power, and his acts, theoretically at least, are those of the appointing court or judge.   If it were held that the appeal and supersedeas did not restore the property to those from whom the receiver had taken it, then necessarily it must further be held that the court by its receiver should continue the active operation of the railway line, in order not to paralyze its usefulness or impair its value, pending the appeal.   Yet such activity would be no "stay of execution" such as supersedeas implies and our statute contemplates.

On the other hand, if we adopt the analogy furnished by the Missouri statutes, declaring in effect that a supersedeas' bond releases to the defendant in execution any of his property seized under that writ, it should then be held that a stay of proceedings by bond (upon an interlocutory appeal like this at bar) releases the property that has reached the hands of the temporary receiver by way of executing the original order of appointment.   Alderson's Beach's Receivers, sec. 117.

That rule has been announced in a number of states whose procedure permits an appeal directly from a provisional order appointing a receiver. *Everett v. State* (1868), 28 Md. 190; *Northwestern, etc., Ins. Co. v.*

*Hotel Co.* (1875), 37 Wis. 125; *Buckley v. George* (1894), 71 Miss. 580 (15 South. 46); *State ex rel. v. Superior Court* (1895), 12 Wash. 677; (42 Pac. 123).

The arguments used in getting to that result are equally applicable to the appeal permitted by our statute in cases like that under discussion. The statute merely requires a motion (in the nature of a motion for new trial) before the appeal is allowable, in order that the appointing authority may first have an opportunity to review and to reconsider its action. But when the appeal is perfected, the merits of the order of appointment itself must pass in review, and are open to full scrutiny. *Merriam v. St. Louis, etc., R'y Co.* (1896), 136 Mo. 145; 36 S. W. Rep. 630.

The statute sanctioning appeals like this was passed in order to abrogate the different rule announced in an earlier opinion in the *Merriam* case (1895), 126 Mo. 445 (29 S. W. Rep. 152). It was then held that an appeal from an interlocutory appointment of a receiver would not lie under the statute governing appeals as it then stood. The main object of the prompt amendment that followed is readily seen. It was to prevent the great hardships that resulted from depriving parties of their possession of property for long periods under receivership proceedings permitting no prompt review of the justice thereof. The appeal now permissible puts a stop to that abuse by allowing a stay bond to be given (as provided on other appeals) to indemnify the moving party in event his adversary (whose property is ordered into the custody of the receiver) desires to retain it by a supersedeas, until the final decision of the merits of the appointment.

This object of the new law is made more plain by the provision that an interlocutory appeal is allowed only where the receivership is maintained, not where it is denied or is dissolved on the reviewing motion, as

was pointed out in the *Kennett road* case (1896), 135 Mo. 230; 36 S. W. Rep. 357. An interlocutory order denying a receivership is not appealable under the act of 1895.

. Considering the manifest purpose and intent of this legislation we believe we will best effectuate them by holding that the property in this case should be restored to the defendants in the Spencer case at once, thus giving to the supersedeas bond the force it was designed to have by the statute regulating stays of execution.

2. The facts shown by his own return indicate that the learned circuit judge did not coincide with the views above given. The question at issue was a new one in this State. He was of necessity required to act without opportunity for a full examination of the subject. We are entirely satisfied that his conduct in the premises was characterized by the most honorable motives, and with a desire for the proper discharge of his official duty. Yet we are obliged to hold that he was in error in not requiring the receiver to let go when the appeal bond was approved, and the appeal perfected. He did not have jurisdiction to retain the property by his receiver after the bond was accepted so as to become a supersedeas.

It was held in *State ex rel. v. Dillon* (1889), 98 Mo. 90 (11 S. W. Rep. 255) that the approval of an appeal bond determines the question of its sufficiency as a stay of proceedings, until the further order of some competent court. That ruling has been recently approved. *American Brewing Co. v. Talbot* (1896), 135 Mo. 170; 36 S. W. Rep. 657. There are some decisions to the contrary. *Parker v. Railroad* (1869), 44 Mo. 415; *State ex rel. v. Adams* (1881), 9 Mo. App. 464. But we believe that the *Dillon* case declares the correct meaning of the statute. Sec. 2249.

So the approval of the bond in the Spencer case operated to stay all proceedings to enforce the receivership order; and, as incident to that stay, it had likewise the effect to release the property to the party from whom it had been taken by reason of the order of appointment of the receiver.

3. The writ of prohibition is available to keep a court within the compass of its legitimate judicial action as defined by the law. Where a court asserts and uses a judicial power not granted to it, and in a manner which permits no reasonably adequate and prompt correction, by the ordinary methods of review, though the court may have general jurisdiction of such cases, the writ of prohibition nevertheless may be utilized to prevent the further exercise of the power so asserted, in excess of the jurisdiction of the court (or of a judge) so acting.

It is not always essential that the remedy of prohibition be the only one that might be applied. *State ex rel. v. Elkin* (1895), 130 Mo. 90 (30 S. W. Rep. 333). Prohibition is, of course, not available to correct a mere error in the exercise of vested judicial authority.

It has been lately ruled in Wisconsin (following an earlier decision of Chief Justice RYAN) that the court in which an appeal is pending may, on motion, direct the restoration of property unlawfully withheld upon process, issued in violation of an existing stay of execution. *Janesville v. Water Co.* (1895), 89 Wis. 159 (61 N. W. Rep. 770).

Whether such a motion would lie in this State is quite immaterial. The writ of prohibition with us is applicable to prevent usurpation of judicial power, at all events, as well as in those instances where the remedy was applicable under existing law at the time when the statute regulating the writ was enacted.

(Sess. Laws, 1895, p. 95.)   It has been directly held in Missouri and in other jurisdictions that, even without such a statute, prohibition can properly go to prevent the execution of process that has been duly superseded according to law. *State ex rel. v. Judge* (1872), 24 La. Ann. 598; *State ex rel. v. Lewis* (1882), 76 Mo. 370; *State ex rel. v. Superior Court* (1896), 13 Wash. 638 (43 Pac. Rep. 877.)

But the general principles governing the use of this remedy have been so fully declared in recent opinions in this State that we deem it unnecessary to prolong the discussion on this branch of the case. We hold that the writ is properly applicable in the case at bar.

4.   Nor was it necessary for defendants (before coming here) to make any further formal application to the learned circuit judge by way of suggesting his want of jurisdiction over the property after the appeal became perfect by the approval of the bond. That approval entitled the defendants to a release of the property by force of the statute touching stays of execution (sec. 2249) as already shown. The record thus plainly proclaims no jurisdiction in the circuit court or judge to longer retain the property under the receivership. In such a case it is not necessary for parties, moving for a prohibitory writ against the circuit judge, to again apply to him for a release of the property on the special ground of want of jurisdiction, disclosed on the face of the record itself, when it is obvious from the whole proceedings that such an application would be futile. *Mayor, etc., v. Cox* (1867), L. R. 2 E. & I. App. 282.

5.   The proceedings before the learned circuit judge were had in vacation. There is no doubt of his power to make the order of appointment at that time. R. S. 1889, sec. 2193. The court *in banc* has already

held, and we now repeat, that the allowance of appeal, and the steps to perfect it, may occur during vacation as a necessary part of the new scheme of procedure for permitting a prompt review of interlocutory orders made appealable in suits like the Spencer case. Laws, 1895, p. 91; *Pelzer v. Hughes* (1887), 27 S. C. 408; *Wabash R. R. Co. v. Dykeman* (1892), 133 Ind. 56 (32 N. E. 823); *St. Louis, K. & S. R. Co. v. Wear* (1896), 135 Mo. 230 (36 S. W. Rep. 357).

6. The plaintiffs have entitled their suit "The STATE OF MISSOURI *at the relation,*" etc., as appears at the opening of the report of this case. We have followed that caption, as no question is raised concerning it. But we would remind our brethren of the bar that the statute regulating procedure in prohibition contemplates a simple form of action between the actual parties concerned as plaintiffs and defendants, and applies the general provisions of the code of practice to such cases as far as it is properly applicable. Laws 1895, p. 95, sec. 3.

7. From the foregoing it follows that the returns of the defendants are insufficient, and the preliminary rule in prohibition should be made absolute. It is so ordered; and we further order that the defendant, the receiver, forthwith deliver all property in his custody to the parties from whom he received the same under the writ of assistance in the Spencer case. BRACE, C. J., and GANTT, MACFARLANE, SHERWOOD, BURGESS, and ROBINSON, JJ., concur.

ON MOTION FOR REHEARING.

PER CURIAM.—On reconsideration of the opinion, filed heretofore in this cause, the majority of the court agree to adhere thereto, and to overrule the motion for

rehearing, BARCLAY, C. J., and GANTT, MACFARLANE, ROBINSON, and BRACE, JJ., concurring; SHERWOOD and BURGESS, JJ., dissenting.

### ON MOTION FOR REHEARING.

BURGESS, J. (*dissenting*).—Not being able to concur with the majority of my associates in their conclusion that, under the act of 1895, an appeal from the order of the circuit court overruling a motion to vacate an order appointing a temporary receiver, and the execution of an appeal bond under the general statutes, operated as a suspension of the authority of the receiver under the order of the court appointing him, in the absence of an order by the court to that effect, I think it proper to state briefly the reasons of my nonconcurrence.

The English practice in equity cases is that an appeal does not stay proceedings unless the court, upon application in special cases, makes a special order to that effect, but, in case of refusal by the trial court, the order may be made by the appellate court in its discretion. *Waldo v. Caley*, 16 Ves. Jr., *loc. cit.*, 213; *Willan v. Willan*, 16 Ves. Jr. 216; *The Warden etc., of St. Paul's v. Morris*, 9 Ves. Jr. 316; *Barrs v. Fewkes*, L. R. 1 Eq. Cas. 392; 2 Daniell's Chancery Pl. & Pr., *1467; *General Order House of Lords*, 15 Ves. Jr. 184.

The English practice was followed in *Slaughterhouse* cases, 10 Wall. 273. In that case (*loc. cit.* 296) it is said: "Independent of statutory regulations, the term *supersedeas* has little or no application in equity suits, as the rule is well settled in the English courts that an appeal in chancery does not stop the proceedings under the decree from which the appeal was taken without the special order of the subordinate court." See *Hovey v. McDonald*, 109 U. S. 150.

Different rules upon the subject prevail in different jurisdictions; for instance, it is held otherwise in New York and New Jersey. *Green v. Winter*, 1 Johns. Ch. 77; *Halsey v. Van Amringe*, 4 Paige, 279; *Gregory v. Dodge*, 3 Paige, 90; *Messonnier v. Kauman*, 3 Johns. Ch. 66; *Schenck v. Conover*, 13 N. J. Eq. 31.

Mr. Daniell in his work on Chancery Pleading and Practice, note 3, *page 1467 [6 Ed.], says the rule of practice in the United States is different from that in England.

It was held by this court in *State ex rel. v. Dillon*, 96 Mo. 56, that the operation of a writ of injunction is not suspended by an appeal and statutory *supersedeas* bond, and it is difficult to see, if an appeal with a *supersedeas* bond does not operate to suspend an injunction, why it operates to suspend a receiver. There seems to be no difference in principle. They are both self-enforcing orders and under such circumstances it has been said: "And when a judgment is self-enforcing, a *supersedeas* does not alter the state of things created by the judgment from which the appeal is prosecuted." *State ex. rel. v. Woodson*, 128 Mo., at p. 518. See, also, Elliott, App. Proc., sec. 392, and cases cited.

In the *Woodson* case there is cited with approval *Walls v. Palmer*, 64 Ind. 493, which was an appeal from a judgment suspending an attorney from practice, and it was held that the judgment executed itself, except as to the collection of costs, and that granting the appeal and the execution of an appeal bond only suspended the collection of costs, and did not allow the attorney to practice his profession pending the appeal.

And in *State ex rel. v. Meeker*, 19 Neb. 444, an officer had been removed for misconduct by a county

board, and it was held that the filing of a *supersedeas* bond did not operate to reinstate him.

So in *Swing v. Townsend*, 24 Ohio St. 1, it was held that the appointment of a receiver is not vacated or suspended by an appeal, and that the powers and duties of the receiver still continue, notwithstanding the appeal. This seems to be the generally accepted doctrine.

The object and purpose of a receiver's appointment is the preservation and protection of the property in litigation. His appointment determines no right, nor does it in any way affect the title to the property. He is truly the hand of the court, holding the property for him or those from whose possession it was taken. He gives bond for the faithful discharge of the trust imposed upon him by virtue of his appointment, and is at all times under the immediate control and supervision of the court. He acts impartially between the parties interested, with favoritism toward none. When he takes charge of the property it is in the hands of the court, that is, in the custody of the law.

It is not so with respect to the defendant in the principal case if by taking an appeal from the order refusing to vacate the order appointing the receiver and executing a bond which simply covers the cost attending the appeal and nothing more. The legal effect of the appeal is to suspend, or remove, the receiver. Whatever the final result may be plaintiff will have no remedy upon the bond for his debt, even though the property should before the determination of the appeal be permitted to go to waste, spoliation, or deterioration pending the litigation, as the liability of the obligors in the appeal bond in no way depends upon the ultimate determination of the litigation, except as to the cost.

If the effect of the appeal is to suspend or remove the receiver while it is pending, then, in order to thwart the action of the court in any such case, the party desiring to so do would have nothing to do but to appeal from the order appointing the receiver, or from an order overruling a motion to vacate such order, and to execute a bond to secure the payment of the costs of such appeal.

It does seem to me, that in order to justify such a holding, so at war with every principle with regard to the object and purpose of the appointment of a receiver, his relation to the court appointing him and the parties interested, that a law authorizing his suspension by appeal ought to be so clear as to be beyond question, and not by implication or construction.

Not before the passage of the law of 1895 did an appeal lie from an order refusing to revoke an order appointing a receiver, and no provision is made in that act for the execution of a *supersedeas* bond by the party appealing, so that resort must be had to section 2249 (R. S. 1889), of the code of civil procedure, to find authority, if there be any, for the execution of such a bond having that effect, and it is not I think to be found within the provisions of that section.

That section only provides for the stay of execution in case the appellant be an executor or administrator, guardian or curator, and the action shall be by or against him as such; or when the appellant, or some responsible person for him, together with two sufficient securities, to be approved by the court, shall enter into a recognizance to the adverse party in a penalty double the amount of whatever debt, damages and costs, or damages and costs, have been recovered by such judgment, together with the interest that may accrue thereon, and the costs and damages that may be recovered in any appellate court upon the appeal, condi-

tioned that the appellant will prosecute his appeal with due diligence to a decision in the appellate court, and shall perform such judgment as shall be given by such court, or such as the appellate court may direct the circuit court to give, and if the judgment of such court or any part thereof be affirmed, that he will comply with and perform the same, etc.

It will be observed that no provision is made by that section for the execution of a *supersedeas* bond on appeal from an order of court overruling a motion to vacate an interlocutory order appointing a receiver, nor is there a sentence, line, or word in it which seems to authorize such construction. It appeared upon our statutes at a time when no such thing as an appeal from an interlocutory order appointing a receiver, or from a motion overruling an order refusing to vacate such order, was in contemplation by the legislature, and if the *supersedeas* bonds therein provided for had been intended by the act of 1895 to apply to appeals from such orders as the one under consideration, it is not a little strange that no reference is made in the act to that section, or some provision made in the act itself for the execution of such a bond, as well also as its effect, as is usual under such circumstances.

The presumption is to be indulged that the legislature did not intend to make any change in the statute as it was at the time of the passage of the act of 1895, beyond what is expressly declared therein. Sutherland on Statutory Construction, sec. 333.

The same author says: "So an intention to change the rule of the common law will not be presumed from doubtful statutory provisions; the presumption is that no such change is intended unless the statute is explicit and clear in that direction." *I b.*, sec. 139.

It certainly requires a very liberal construction of the law to justify the ruling announced in this case.

The position that the appeal did not have the effect of vacating or suspending the receiver finds support in the fact that it is provided by said act of 1895 (p. 91) that, "the supreme court shall summarily hear and determine all appeals from orders refusing to revoke, modify or change an interlocutory order appointing a receiver or receivers, and for that purpose shall, on motion, advance the same on its docket."

If the appeal bond affords an indemnity to the appellee in the event of a decision in his favor as in ordinary cases, there is no apparent reason why the case should not take its regular course, while, upon the other hand, if the receiver was improvidently appointed, and the execution of an appeal bond does not have the effect of suspending the receiver pending the appeal, by justice and right the party appealing should have a hearing at the earliest opportunity in order that the property whose possession was thus wrested from him might as soon as possible be restored to him.

In the absence of a special order by the court suspending or removing the receiver the court below retained custody of the property through him, notwithstanding the appeal. It follows that the writ should be denied. SHERWOOD, J., concurs.