STATE *ex rel.* GRAND AVENUE RAILWAY COMPANY,
*Relator*, v. WOOD, *Judge.*

In Banc, December 14, 1897.

**Appeals:** SUPERSEDEAS BOND: PROCEEDINGS STAYED: MANDAMUS. The taking of an appeal from a judgment of the circuit court, the filing of a *supersedeas* bond which is approved, and the issuing by the circuit court of an order staying the execution, operate as a *supersedeas.* And it is *held* that the circuit court properly refused to issue a *writ of assistance*, to compel the defendant, a street railway company, in the suit in which the execution had been stayed, to repair its track although it had been ordered by the judgment to keep its track in good repair and had failed to do so. *Held*, further, that the Supreme Court would not *mandamus* the judge of the circuit court to hear and determine said motion asking for the said writ of assistance.

*Mandamus.*

WRIT DENIED.

*Judson & Taussig* for relator.

(1) In so far as the decree affirmed relator's right to the use of the tracks and to their maintenance, and prescribed the conditions of such user, it did not, in the legal sense, command anything affirmative to be done by the defendant and was therefore self-enforcing and not superseded. *Aliter*, as to the money judgment, the enforcement of which was superseded. *Railroad v. Railroad*, 105 Mo. 562; *Railroad v. Railroad*, 132 Mo. 47; *State ex rel. v. Dillon*, 96 Mo. 57. (2) The right to use the tracks in the performance of its franchise duties being vested in the relator under the ordinance prior to the decree of the circuit court, the decree operated only to restrain the defendant from interfering with that right, and the court was bound to protect relator from interference. *State ex rel. v. Woodson*,

128 Mo. 497. (3) A court of equity has jurisdiction, even after appeal, to carry into effect its own orders, decrees and judgments in so far as they are not superseded. *Root v. Roolworth*, 150 U. S. 410; *Kershaw v. Thompson*, 4 Johns. Ch. 610; Story, Eq. Jur., sec. 959; *Terrill v. Allison*, 21 Wall. 291. (4) The award of the commissioners was vacated by the decree of the circuit court, and after entry of decree the terms and conditions of relator's occupancy was fixed by that decree until reversed by the Supreme Court. See sections 1295 and 1296 of city ordinances of 1892. The procedure is radically distinct from this in condemnation cases, and *Clark v. Railroad*, 119 Mo. 357, is not applicable. *Lewis v. Railroad*, 59 Mo. 495; *Railroad v. Atkinson*, 17 Mo. 485; *State ex rel. v. Woodson*, 128 Mo. 497; *Rodgers v. Hatch*, 8 Nev. 39; Freeman on Judg., sec. 328.

*Smith P. Galt* for respondent.

(1) The relator has a full and complete remedy by appeal from the order made by this respondent, which is set out in the petition and complained of, and which it is sought by this action to compel this respondent to change, and make another and different order therein. (2) Respondent's order made in the premises was in accordance with law, as has been held by this court in *State ex rel. v. Lewis*, 76 Mo. 370; *State ex rel. v. Ransom*, 86 Mo. 327; *State ex rel. v. Hirzel*, 137 Mo. 435; and *State ex rel. v. Klein*, 137 Mo. 673, as the bond of Citizen's Railway Company, approved by the court, and its appeal acted as a *supersedeas* and stay as to all matters contained in the judgment appealed from.

GANTT, J.—This is an application for an original writ of *mandamus* out of this court directed to the Hon-

orable Horatio D. Wood, judge of division number 6 of the circuit court of the city of St. Louis, to command him to entertain an application made by relator for an order in the nature of a writ of assistance to enforce a certain judgment made by the said circuit court in the division over which respondent presides as one of the circuit judges of said city of St. Louis, on the seventh day of February, 1896, from which the defendant in said judgment, the Citizens' Railway Company, has appealed to this court. Said appeal is now pending in this court, and when it was taken defendant gave a *supersedeas* bond which was duly approved by said respondent as judge of said circuit court and a stay of execution ordered. The proceeding in which the judgment was obtained was conducted under certain ordinances of the city of St. Louis, numbered respectively 12,652 and 17,047, by virtue of which the said Grand Avenue Railway Company sought to avail itself of the right to run its street cars over and upon the street railway tracks of the defendant Citizens' Railway Company on Grand Avenue in said city between the intersection of Grand Avenue and the Natural Bridge Road and Easton Avenue. To obtain said right under said ordinance 12,652 the relator was required to and did file its petition with the mayor of said city of St. Louis praying for the appointment of commissioners to determine the amount of compensation which should be paid by relator to said Citizens' Railway Company for the use of said portion of its road. Said commissioners were appointed and made an award and filed the same with the mayor by which relator was required to pay said Citizens' Railway Company the annual sum of $15,480.90 in equal quarterly instalments of $3,871.22½ in advance and should include the pay of switchmen at the intersections of the two railways who should be

under the direction of the Citizens' Railway Company, and said Citizens' Railway Company was permitted by said award to remain in control of its said tracks, and required to keep the said tracks in repair and renew the same when new tracks were required.

It further appears that relator made the first quarterly payment required by said commissioners and filed its bond for the payment of such additional compensation as should be ordered by the circuit court on any proceeding therein as provided by said ordinance and thereupon made its connections with said Citizens' tracks and has ever since and is now using said tracks in transporting passengers on its cars in said city.  As allowed by said ordinance both of said companies appealed from said award to the circuit court of the city of St. Louis, and said appeals were assigned to respondent's division of said court, and upon a hearing in said court the exceptions of the Citizens' Railway were overruled and the exceptions of the relator sustained and thereupon the compensation which relator should pay for the use of said tracks was readjusted and fixed, and provision made for renewing the said tracks and for the payment by relator of its part of the cost thereof, and a bond was required to be given by relator in the sum of $15,000 to secure payment of its part of the cost of said renewals and for substituting other bonds in lieu thereof.  Among other things said judgment provided that: "The defendant company shall maintain, repair and renew the tracks, the track curves and paving to be used jointly at its own expense, renewals to be made whenever new tracks and other materials are required, the expense of such renewals to be paid as hereinbefore provided, and said defendant shall, at its own expense, pay for sanding, watering, salting, and keeping its said tracks clean."  It is averred in the application to this court that since the en-

try of said judgment the said Citizens' Railway Company has refused to repair its tracks, that they are worn out so that an immediate renewal is demanded. That relator has been compelled to discontinue the use of its regular cars and to use small cars on said tracks, requiring transfers at Easton and Grand avenues; that it will soon be impossible to operate cars over said tracks. That on the fifth day of April, 1897, relator applied to respondent as judge of said circuit court for the enforcement of said decree in the protection of relator's right to the occupancy of said tracks and for the maintenance of the same. That respondent as judge of said court denied relator's motion and ruled that the *supersedeas* bond given by said Citizens' Railway Company and approved by said circuit court superseded said decree and that respondent had no jurisdiction pending the appeal from his said decree in the Supreme Court to grant the relief sought by relator. Relator avers that said bond did not have such an effect, but only suspended the right of relator to enforce its judgment for the amount of the excess payments rendered in said decree; that relator's right to the occupancy of said tracks and the maintenance of the same is not involved in said appeal, nor is relator's right to the benefit of said decree stayed or affected by said *supersedeas* bond in said cause.

Judge Wood waived the issuance of the alternative writ and filed the following demurrer to this application:

"Now comes the respondent in the above entitled cause and demurs to the petition therein and says that the same does not state facts sufficient to constitute a cause of action, and no peremptory writ of *mandamus* should issue against this respondent in said cause for the following reasons, to wit:

"*First.* It appears by said petition that the original judgment rendered in the case of *Grand Avenue Railway Company v. Citizens' Railway Company*, in the circuit court of the city of St. Louis, and set forth in the petition, was duly appealed from by the defendant therein to the Supreme Court of the State of Missouri upon the said defendant giving its *supersedeas* bond therein duly approved by said circuit court, and said appeal is now pending and undetermined in said Supreme Court.

"*Second.* Said appeal bond and appeal acted as a stay of said original judgment and every part thereof, and any process otherwise appropriate and necessary for carrying into effect the said judgment or any part thereof is superseded by said bond and appeal, and this respondent has no power or authority to sustain relator's motion to him presented, and in said petition set forth, and to award relator any process for the purpose of carrying out any part of said judgment.

"*Third.* Said motion was judicially determined by this respondent, and relator's remedy against the order thereon rendered is by appeal and not by *mandamus.*"

The above synopsis of the pleadings sufficiently indicate the character of this application for an original writ of *mandamus* from this court against the circuit court of St. Louis.

The learned counsel for relator has discussed at length the provisions of the charter of St. Louis permitting one street car company to run its cars over the tracks of another street car company and the character and effect of the decree rendered in the cause of the Grand Avenue Railway Company against The Citizens' Railway Company in the circuit court from which an appeal is now pending in this court. The question we must determine at this time, however, is not the merits

of that appeal, but whether that appeal and the *super-sedeas* bond given by the appellant therein and approved by the circuit court and the order staying execution, stays all further affirmative action in that case in the circuit court. Learned counsel seek to have this court determine in advance of the hearing of said appeal many of the most vital questions which arise upon that record. Counsel assume that nothing is involved therein save the correctness of the judgment for the excess payments in favor of relator against the defendant therein. They demand that Judge Wood be compelled to take up the question of the physical condition of the Citizens' Railway Company's road, and to render additional judgments and orders for its repair and for all other orders which relator may deem necessary to enable it to run its cars satisfactorily over said defendant's road. The circuit court regarded the appeal and its order of *supersedeas* as staying its power to make further orders in said case. The effect of a *supersedeas* bond in appeals from the circuit court to the Supreme Court is defined by statutory law in this State. Section 2255, Revised Statutes 1889, provides that "on filing a recognizance there shall be a stay of all further proceedings under the judgment appealed from except that perishable property may be sold if the circuit court shall deem the same necessary or proper and not injurious to appellant." It is apparent that the order sought in this case did not fall within the only exception made by the statute. This statute has received construction by this court in various cases which serve to illustrate the extent of the stay provided by its terms.

Thus in *State ex rel. Laclede Bank v. Lewis*, 76 Mo. 370, the St. Louis Court of Appeals had awarded a peremptory writ of *mandamus* against one of the judges of the St. Louis Circuit Court and said judge appealed

from that judgment and gave the bond required by law for staying the proceeding until it could be heard in this court. The court of appeals was about to issue its *mandamus* notwithstanding said appeal, and this court issued a writ of prohibition restraining said court until said appeal was heard. It was contended that the word "execution" in section 2249, Revised Statutes 1889, was not broad enough to cover a writ of *mandamus*, but this court, after an exhaustive review, ruled that it was, saying: "In other words the *process appropriate and necessary for carrying into effect the judgment or decision appealed from, whatever it may* be, is superseded by the appeal and recognizance in question." Certainly the writ of assistance sought of the circuit judge in this case was the only "process appropriate," in the opinion of relator, to carry the judgment or decree into effect, and falls within the principle of that decision.

In *State ex rel. Boyington v. Ranson*, 86 Mo. 327, an interplea had been filed in an attachment suit before a justice of the peace and the finding had been adverse to the interpleader and he appealed and gave bond. Afterward an action was brought against the constable on his bond for failure to levy on the attached property claimed by the interpleader, but this court held the officer not liable because the appeal and bond of the interpleader operated as a *supersedeas* and prevented a sale pending the appeal. No subsequent decision has impaired the force of those decisions.

Our conclusion is that the order staying execution of the judgment in the circuit court operated as *supersedeas* and the circuit court correctly ruled that he had no power to issue the writ of assistance prayed for by the relator; that the decree was not self executing in the sense that no further process was needed to effect the end sought thereby.

Expressly limiting our judgment to this one point, it is ordered that the peremptory writ of *mandamus* prayed for be denied.

BARCLAY, C. J., and SHERWOOD, MACFARLANE, BURGESS, ROBINSON and BRACE, JJ., concur.