THE STATE *ex rel.* DUGGAN v. DILLON, *Judge, et al.*

1. **Practice:** APPEAL BOND : SUPERSEDEAS. It is not necessary that the order approving an appeal bond and allowing an appeal should say that execution is thereby stayed. The order of the court approving the bond and allowing the appeal operates as a *supersedeas* and nothing more is required.

2. ——— : ——— : ———. It is the duty of the circuit court in allowing an appeal, not only to inquire as to the sufficiency and solvency of the sureties, but it must also fix and determine the amount of the bond or recognizance. It passes upon the sufficiency of the sureties and the amount of the bond when it approves the bond and allows the appeal, and from that time on the judgment is superseded and execution stayed. The appellant has nothing to do with fixing the amount of the bond. ( *Overruling State ex rel. Gawtry v. Adams*, 9 Mo. App. 464.)

3. ——— : ——— : ———. The fact that no money judgment was rendered and that the money in dispute, or a part of it, is in the custody of the court, are proper matters for its consideration in fixing the amount of the appeal bond.

*Prohibition.*

WRIT AWARDED.

*A. J. P. Garesché* and *E. A. B. Garesché* for relator.

The taking of the bond was a judicial act. *Blake v. Kimball's Est.*, 22 Vt. 632. *Supersedeas* followed *ipso facto* from the filing of the bond. *Ex parte Floyd*, 40 Ala. 117.

*Cunningham & Eliot contra.*

BLACK, J.—A rule was made in this case upon DANIEL DILLON, judge of St. Louis circuit court, the clerk thereof, and the public administrator having in charge the estate of Michael Carroll, to show cause why they should not be prohibited from disbursing certain moneys deposited in that court in a cause of Tittman, Public Administrator, *v.* John Thornton, Peter Richard Kenrick and Michael Duggan ; and the question now is, whether the rule shall be discharged or made absolute.

Michael Carroll commenced a suit in the St. Louis circuit court against John Thornton and Peter Richard Kenrick, and Duggan was made a party defendant upon his own motion. From the proceedings in that case, it appears that Mr. Carroll recovered a judgment in the state of Iowa against John Thornton, who is a resident of that state, and upon which execution was issued and no property found. Peter Richard Kenrick holds, as trustee, a fund of twenty thousand dollars, the income of which fund is payable to John Thornton during his life, according to the terms of the will of a deceased uncle. The plaintiff in that suit seeks to subject the accrued and accruing income to the payment of his foreign judgment. Duggan, who is a defendant in that suit and the relator here, makes claim to the income. By consent of all of the parties, an order was made requiring Kenrick, the trustee, to pay the accrued

and accruing interest to the clerk, to be by him held subject to the order of the court. Pursuant thereto the trustee has paid into court, in all, the sum of three thousand dollars.

Carroll died, and the cause was revived in the name of the public administrator. On the twenty-sixth of January, 1888, the court made a decree by which it is adjudged that there is due from Thornton to the plaintiff the sum of $6,323.19 ; that the income arising from the twenty thousand dollar fund be applied to the payment of the debt ; that the trustee pay to the clerk the income thereafter to accrue during the life of Thornton or until the debt and costs of suit are satisfied ; and that the fund then in court, after the payment of costs, be paid to plaintiff. A bill of exceptions was filed and the record discloses this entry: "Now comes Alexander J. P. Garesché, agent and attorney for the defendants, and files an affidavit for an appeal; and on his motion an appeal is allowed them to the St. Louis court of appeals from the judgment herein rendered. They thereupon file an appeal bond which is allowed by the court." The appeal bond is in the sum of eight hundred and fifty dollars and is in the usual form. The court of appeals transferred the cause thus appealed to it to this court.

The circuit court, at a term subsequent to that at which the appeal was allowed, directed the clerk to pay the costs of the suit out of the fund in his hands, and to pay the balance to the plaintiff or his attorney, and it is this payment to the plaintiff which the relator seeks to prohibit. The position of the respondents here is that, since the judgment in favor of the plaintiff is for $6,323.19, and the appeal bond is only for eight hundred and fifty dollars, the appeal does not supersede the judgment nor stay execution thereof. If this position be correct then the rule should be discharged, if not, then it should be made absolute. Under our practice act, appeals may be allowed with or without stay of

execution. Section 3717 provides that to make the appeal operate as a stay of execution the appellant, with two securities to be approved by the court, must "enter into a recognizance to the adverse party, in a penalty double the amount of whatever debt, damages and costs, or damages and costs, have been recovered by such judgment, together with the interest that may accrue thereon, and the costs and damages that may be recovered in any appellate court upon the appeal, conditioned," etc. This section as amended by the act of March 28, 1885, (Acts of 1885, p. 216) provides further that the court may, at the time of granting the appeal, "fix the amount of the appeal bond" and allow appellant time in vacation to file the same, subject to the approval of the clerk, and the bond thus filed and approved shall stay execution. By section 3717, if the appeal is granted by this court or a judge thereof, the appeal "shall not operate as a stay of proceedings, unless a like recognizance as in case of other appeals in civil cases be entered into," etc. Section 3719 is in these words: "The court, judge or clerk taking such recognizance shall fix the amount or sum in which it shall be taken, approve the same and enter the approval thereon."

It is not necessary that the order approving the bond and allowing the appeal should say that execution is thereby stayed. The order of the court approving the bond and allowing the appeal operates as a *supersedeas;* nothing more is required. From the statutes just cited it will be seen that it is the duty of the circuit court, in allowing an appeal, not only to inquire as to the sufficiency and solvency of the sureties, but it must also fix and determine the amount of the bond or recognizance. The court passes upon the sufficiency of the sureties and amount of the bond when it approves the bond and allows an appeal. From that time on the judgment is superseded and execution stayed.

The respondents contend that the court, in allowing the appeal, had nothing to do with the amount of the appeal bond, that the appellant must fix that at his risk, and so it seems to have been ruled in *State ex rel. v. Adams*, 9 Mo. App. 464. To the ruling in that case we do not agree. As far back as the practice act of 1849 (Laws of 1848–9, p. 94, sec. 15), it was made the duty of the court in allowing an appeal to fix the amount of the appeal bond, and section 3719, before quoted, comes down through the Revisions of 1855 and 1865. If the appellant must determine the amount of the bond at his own risk, why should the judge be required to fix the amount thereof? The object in requiring the court to determine the amount of the bond is, that when the appeal is allowed, the question of *supersedeas* shall be fixed and settled once for all.

True it is that section 3713 requires the penalty of the bond to be double the amount of debt and costs recovered and costs in the appellate court; but in many cases there is no money judgment, and the costs in the appellate court can only be approximated. Indeed, in this very case, there is no money judgment against any of the defendants, and three thousand dollars of the money in dispute is in the actual custody of the court. These were all proper matters for the court to consider in fixing the amount of the appeal bond.

It follows from what has been said that the rule heretofore issued shall be made absolute and the writ of prohibition will be issued in conformity to the prayer of the petition. SHERWOOD, J., absent; the other judges concur.