AMERICAN BREWING COMPANY v. TALBOT *et al.,*
*Appellants.*

Division One, December 10, 1894.

1. **Appellate Practice**: APPEAL BOND: SUPERSEDEAS: NEW BOND. Where a bond to stay execution names the St. Louis court of appeals as the reviewing court, and not "the appellate court," as required by section 2249 (R. S. 1889), and the cause reaches the supreme court by transfer from the court of appeals, a new appeal bond to conform to the statute may be required of appellant to continue the stay.

2. ———: ———: ———. When an appeal bond is approved by the trial court, the bond becomes operative to stay execution; but where the bond approved is, upon its face, a departure from the statutory requirements, an appellate court in which the cause is pending may set aside the approval unless a sufficient statutory bond be given.

*Motion for Appeal Bond.*

MOTION SUSTAINED.

*W. C. & James C. Jones* for appellants.

*Lubke & Muench* for respondent.

BARCLAY, J.—This action was brought in the circuit court, city of St. Louis, to recover of defendants the value of certain malt alleged to have been delivered to them.

The petition was answered, and in due course the case came to trial on the issues made by the pleadings. A verdict for plaintiff for $4,448.30 resulted, and thereupon there was judgment for $4,316.65, a small *remittitur* having been meanwhile entered.

After the usual motions, defendants took an appeal to the St. Louis court of appeals. At that time they filed an appeal bond in the circuit court.

The bond was signed by one of the defendants and by two sureties. It bound them to plaintiff in the sum of $10,000. The material parts of the collateral condition expressed in the bond are as follows:

"Now, if said appellant shall prosecute this appeal with due diligence to a decision in the St. Louis court of appeals, and shall perform such judgment as shall be given by the said St. Louis court of appeals, or such as the said St. Louis court of appeals may direct the circuit court, city of St. Louis, to give, and if the judgment of the said circuit court, or any part thereof be affirmed, and said appellant shall comply with and perform the same, so far as it may be affirmed, and pay all damages and costs which may be awarded against ———— by the said St. Louis court of appeals, then this obligation to be void, otherwise to remain in full force and effect."

The bond was approved by the court, allowing the appeal.

On reaching the court of appeals, the cause was transferred to this court in conformity with the constitution, as the case plainly involves more than $2,500. Const. 1875, art. 6, sec. 12, and Amend. 1883, sec. 6.

The plaintiff has moved to require appellants to furnish a new and perfect appeal bond, as the one on file is not a sufficient statutory bond to maintain a *supersedeas.*

Under the rulings of the majority of the supreme court in *Nofsinger v. Hartnett* (1884), 84 Mo. 549, and *Schuster v. Weiss* (1893), 114 Mo. 158, as to the effect to be given to certain appeal bonds, it is very clear that the one here in question does not fully meet the requirements of the law.    R. S. 1889, sec. 2249.

Among other variations from the statute, it first names the St. Louis court of appeals instead of "the appellate court;" and, at the close, again mentions the former court, instead "of any appellate court."

There are several grounds on which a case may be sent to the supreme court from either court of appeals, even though the proceeding may be one in which the supreme court would have no jurisdiction on a direct appeal.    Const. Amend. 1883, secs. 3 and 6; and R. S. 1889, sec. 3300.

In other cases it is not always clear, from the nature of the proceedings, whether the supreme court or court of appeals is the proper one to entertain the appeal; and, until that question is determined, the trial court can not know with certainty which appellate court should be named in a bond given for a *supersedeas*.

Hence the language of the present statutes (sections 2249, 2287 and 2250) is adapted, when read in conjunction with the sections concerning transfers between the appellate and supreme courts (R. S. 1889, secs. 3299, 3300), to afford security to litigants, obtaining judgments on the circuit, no matter to which appellate court the cause may finally go.

Judges, in approving appeal bonds, should, hence, insist on as close a conformity of such bonds to the exact statutory language (R. S. 1889, sec. 2249) as the nature of each case will permit.

In the case in hand the court approved the bond.

The effect of that approval was to stay execution until the further order of some competent court.

In *State ex rel. v. Dillon* (1889), 98 Mo. 90, the supreme court, by the present learned chief justice, declared: "The object in requiring the court to determine the amount of the bond is, that when the appeal is allowed, the question of *supersedeas* shall be fixed and settled, once for all."

We think that ruling is applicable, on principle, as well to the other terms of the bond as to its amount, or to the sufficiency of the sureties. This we consider the reasonable and natural meaning to be ascribed to sections 2255 and 2256 (R. S. 1889), considered in connection with the other sections of statute law already cited.

But where the bond, as approved by the circuit court, is, upon its face, such a departure from the statute as not to afford the full security for the judgment which the law contemplates, we think it competent for an appellate court, in which the cause is pending, to vacate the *supersedeas*, unless a sufficient bond be given.

By the terms of section 2250 (R. S. 1889), the supreme court, and each of its judges, are given power to grant appeals, and to act upon bonds given to stay execution pending appeals. Like power is given to the court and its judges upon granting stays of execution upon writs of error (R. S. 1889, sec. 2287).

The cause is now pending in this court, and if it be made to appear, as it does in this instance, that the order on the circuit, approving a bond for stay of execution, was erroneous because of the insufficiency of the terms of the bond, we hold that it is competent for this court to set aside the approval of the bond, improvidently entered, and thus remove the effect of the erroneous order, unless a proper bond be furnished.

It is hence ordered that the motion for a new bond (to comply with the statute) be sustained; and that unless such bond be filed within ten calendar days, the order of approval of the former bond be vacated. BLACK, C. J., dissents; BRACE and MACFARLANE, JJ., concur.