Keaton v. Boughton.

---

C. L. KEATON, Plaintiff in Error, v. COLLIN G. BOUGH-
TON et al., Defendants in Error.

St. Louis Court of Appeals, February 13, 1900.

1. **Appeal Bond, Suit On:** BOND INVALID: CONSTRUED AS
MADE. The petition states that the appeal was granted to supreme
court, but the bond states that the appeal was this day taken to
the court of appeals at St. Louis, Missouri. The bond as made was
unauthorized and is a nullity, and must be construed according to
its plain provisions.

2. ———: ———: VALID BOND ONCE OBTAINABLE: NOT NOW.
Plaintiff Keaton, in whose favor judgment was rendered, could have
objected to the bond when offered, or at any time subsequent during
the pendency of the appeal; this he failed to do, but now asks the
court to give him a valid bond, which it has no power to do.

3. ———: ———: ———: NO LIABILITY ON BOND. No liability
has attached or ever can attach to the defendants on the bond
according to its terms, and only by the terms of the bond can they
be made liable; the judgment of the lower court was for the right
party.

Error from the Stoddard Circuit Court.—*Hon. J. L. Fort,* Judge.

AFFIRMED.

*C. L. Keaton, pro se,* for plaintiff in error; *J. M. Cook,* counsel.

(1)   The demurrer admits all the facts pleaded by plaintiff, that defendant, Boughton, appealed to the supreme court of Missouri, and not to the "court of appeals at St. Louis, Mo.," and that the bond given was to supersede and did supersede the judgment upon appeal to the supreme court according to the intention of the parties giving the bond—the defendant herein.   State ex rel. v. Conrad, 147 Mo. 654; Shields v. Johnson County, 144 Mo. 76.   (2)   The petition sets out the bond *"in haec verba,"* and states the purpose and intention for which it was given and thus states facts sufficient to constitute a cause of action on a statutory bond, a common-law bond, or a voluntary bond and is good either at law or in equity.   R. S. 1889, section 2039; State ex rel. v. McKeon, 77 Mo. 463; State v. Pace, 34 Mo. App. 458.   (3)   As the statement in the appeal bond "to the court of appeals at St. Louis, Mo.," is void for repugnance to the record and facts of the case and must be rejected and eliminated and when rejected, the bond is good as a statutory bond. "The bond observes all the essential requirements of the statute, and is substantially good.   To hold otherwise, would, we think, be sacrificing undoubted justice to a mere technicality."   R. S. 1889, *supra;* Hoshaw v. Gullett, 53 Mo. 208; Darnell Mfg. Co. v. Repass, 75 Mo. App. 420; State ex rel. v. Rodecker, 145 Mo. 450.   (4)   This is not a change of court or conditions by the court, the law or the other party, as in the American Brewing Co. v. Talbot, 125 Mo. 388, and cases there cited, but a case where plaintiff is enforcing his rights against

defendants upon the very contract they made, under a judgment of the very court to which the defendant appealed and to hold defendants to their contract as made and intended, and to prevent them from taking advantage of their own wrong by a mistake, by surprise, trick, cunning or unfairness used to cheat plaintiff. Brownlee v. Hewit, 1 Mo. App. 360; Fisse v. Einstein, 5 Mo. App. 86. The statute R. S. 1889, section 2249, does not prescribe any form of an appeal bond and only requires it to name the court as "the appellate court," without further designation, that part of the bond which says defendant, "C. G. Boughton has this day appealed from the judgment of the circuit court of Stoddard county, Missouri," and the record of said court showing she had taken such appeal to the supreme court of Missouri, control and eliminate, as a clerical mistake the false and useless and redundant part of the bond, "to the court of appeals at St. Louis, Mo." Since there is no pretense whatever that there is or was any other case whatever to which the bond could apply. Grant & Finney v. Brother, 7 Mo. 458; State v. Price & Lusk, 15 Mo. 376; Agan v. Shannon, 103 Mo. 664.

*L. R. Thomason, H. S. Shaw* for defendant in error.

(1) A demurrer admits such facts as are sufficiently pleaded and which are material to the issue. Stephens on Pleading, page 142; Shields v. Johnson County, 144 Mo. 76. (2) On demurrer the court will consider the whole record and give judgment for the party that appears to be entitled to it. Stephens on Pleading, p. 143. There are elementary rules of pleading that we deem unnecessary to bolster up with authorities. (3) "A surety has an undoubted right to rely upon the letter and strict terms of the bond. It is not sufficient that he may sustain no injury by a change in the contract or that it may be even for his benefit." Nofsinger v. Hartnett,

84 Mo. 549; Lionberger v. Krieger, 88 Mo. 160; Bauer v. Cabanne, 105 Mo. 110; Schuster v. Weiss, 114 Mo. 158; Warner v. C. M. L. I. Co., 109 U. S. 357. (4) Where a surety in an appeal bond obligates himself to perform and abide the judgment of a particular court he will not be bound by the judgment of another, though a higher court. Nofsinger v. Hartnett, 84 Mo. 549; Schuster v. Weiss, 114 Mo. 158. (5) The order granting an appeal is no part of the bond; the contract of the surety in the absence of latent ambiguity must be found within the terms of the instrument itself, and the liability of the surety is limited to the extent of the express language of his undertaking and can not be enlarged or varied by averments of extrinsic matters. Nofsinger v. Hartnett, 84 Mo. 549; Schuster v. Weiss, 114 Mo. 158. (6) The defendant sureties were not parties in the case of Keaton v. Boughton and are not bound by the record in said cause. Plaintiff's contention that the bond sued on was a supersedeas of the judgment in the case of Keaton v. Boughton is a pure gratuitous assumption with only the desire of the plaintiff to sustain such contention for the purpose of this suit. (7) The bond was not sufficient to maintain supersedeas. Among other variations from the provisions of the statute it first names the St. Louis Court of Appeals instead of any appellate court. The order of the clerk approving said bond could have been vacated at any time upon motion of the plaintiff. American Brewing Co. v. Talbot, 125 Mo. 388; s. c. 135 Mo. 170

BLAND, P. J.—Omitting caption the petition is as follows: "Plaintiff states that on the ninth day of December, 1897, a judgment was rendered by the circuit court of Stoddard county, at Dexter, in favor of plaintiff and against Callie G. Boughton, one of the defendants herein, for the recovery of the possession of Lot No. 5 in Block No. 28 in the city

of Dexter, Stoddard county, Missouri, and for the recovery of the sum of $75 balance of rents and profits due thereon and the sum of $7.50 per month for monthly rents and profits of said premises from the rendition of judgment aforesaid until the delivery of the possession of said premises to plaintiff and other relief.   That thereafter on the ninth day of December, 1897, an appeal in said cause was granted to said Callie G. Boughton to the supreme court of Missouri, with leave to file an appeal bond within ten days in vacation thereafter to be approved by the clerk of said court, and that thereafterwards the said Callie G. Boughton, as principal, with defendants, J. J. Dowdy, William Ferguson and J. N. Miller as sureties, executed to plaintiff and filed with the clerk of said court an appeal bond in writing, which was duly approved by the clerk of said court aforesaid on the 21st day of December, 1897, of which the following is a copy, to wit:

"BOND FOR APPEAL.

"C. L. Keaton, plaintiff against Callie G. Boughton, defendant in the circuit court of Stoddard county, Missouri, December Term A. D. 1897.

"We, C. G. Boughton, as principal and —— —— as sureties, acknowledge ourselves to be indebted to the plaintiff in the sum of four hundred dollars, to be void upon this condition:   Whereas, the said C. G. Boughton has this day appealed from the judgment of the circuit court of Stoddard county, Missouri, in said cause to the court of appeals, at St. Louis, Mo., now if on such appeal the appellant the said C. G. Boughton, shall prosecute his appeal with due diligence to a decision in the appellate court and he will perform such judgments as shall be given by such court, or such as the appellate court may direct the circuit court to give and if the judgment of said court or any part thereof, be affirmed that he will comply with and perform the same so far as it may be

affirmed, and will pay all damages and costs which may be awarded against the appellant by the appellate court, otherwise to remain in full force.

Callie G. Boughton,     (SEAL)
J. J. Dowdy,            (SEAL)
Wm. Ferguson,           (SEAL)
J. N. Miller,           (SEAL)

"Approved this 21st day of December, 1897.

"M. S. Phelan, Clerk.

"Filed this 21st day of December, 1897.

"M. S. Phelan, Clerk.

"Said bond is on file in said cause of C. L. Keaton, plaintiff v. Callie G. Boughton and Thomas D. Ferguson, defendants, in the circuit court, and can not be filed herewith, but a certified copy is herewith filed marked exhibit 'A.' And the clause therein 'to the court of appeals, at St. Louis, Mo.' is false, useless and redundant. Plaintiff further states that upon the filing of said bond or recognizance, said defendant Callie G. Boughton, was granted a supersedeas and stay of execution and remained in full possession of said premises, collected and received the rents and profits thereof and wholly failed to prosecute her appeal with due diligence to a decision in the appellate court and that afterwards on the 24th day of December, 1898, the said judgment rendered by the circuit court aforesaid, was in all things and in all respects affirmed by the supreme court of Missouri, against the appellant, Callie G. Boughton, and in favor of this plaintiff for failure of said defendant, Callie G. Boughton, to prosecute her said appeal with due diligence to a decision in the appellate court and said judgment of said circuit court is now in full force and effect. Plaintiff states that there has been a breach of said bond and recognizance in this: That the appellant, the said Callie G. Boughton, wholly failed to prosecute her appeal with due diligence to a decision in the appellate court to which she

appealed or in any appellate court, and no part of said judgment nor the damages therein recovered nor the interest thereon, nor the costs nor the rents and profits of said premises accrued, collected and received by said appellant Callie G. Boughton from and after said ninth day of December, 1897, to the thirtieth day of January, 1899, nor the costs paid out and expended by plaintiff in affirming said judgment on appeal as aforesaid, nor any part thereof has been paid this plaintiff. An account of all which is herewith filed.

"Wherefore plaintiff prays judgment for the sum of four hundred dollars, the penalty of said bond and recognizance, and that execution issue against the defendants for the sum of three hundred dollars, the amount of damages, rents and profits of said premises, the moneys laid out and expended for costs aforesaid and all proper relief herein."

To this petition defendants demurred on the grounds, first, because the petition does not state facts sufficient to constitute a cause of action; second, because it appears upon the face of the petition that no judgment was rendered by the appellate court at St. Louis, as conditioned in the bond. The demurrer was sustained, and judgment rendered thereon for defendants. Plaintiff brings the case here by writ of error.

The cause of Keaton v. Boughton, was appealed to the supreme court. For the purpose of superseding the judgment in that case the bond sued on was executed, filed and approved, and supersedeas was awarded. The bond recites that the appeal was taken to the court of appeals at St. Louis, Mo.; the conditions are, that "if on such appeal the appellant, the said C. G. Boughton, shall prosecute his appeal with due diligence to a decision in the appellate court   *   *.   *." The appellate court here meant is the court to which the bond says the appeal was taken, to wit, the St. Louis Court of Appeals. No appeal was taken to that court in the case of Keaton v. Boughton mentioned in the bond; there was nothing pending in that

court for the bond to take hold on, or to affect in any way whatever. The bond, if we are to construe it according to its unequivocal terms, in view of the state of the record in the Keaton v. Boughton cause, is an absolute nullity, and should not have been accepted and made the basis of an order superseding the judgment in Keaton v. Boughton, pending .the appeal of that cause in the supreme court. It was the privilege of Keaton in whose favor the judgment was rendered to object to this bond, either at the time it was offered, or at any subsequent period during the pendency of the appeal. American Brewing Co. v. Talbot, 125 Mo. 388; s. c., 135 Mo. 170. Having failed to do this, he asks this court to disregard the unambiguous language of the bond and to strike out the phrase "the court of appeals at St. Louis, Mo.," as surplusage, and to give him a valid bond—to make a bond binding on the defendants in lieu of the one signed by them which does not bind them. This is beyond the power or jurisdiction of any court of justice in the land. Courts do not make, but construe contracts for parties. The one sued on is not even open to construction; it plainly says the defendants agreed to abide a decision of the court of appeals at St. Louis, Mo. The petition confesses that, that court has made no decision in the cause appealed from, and that it never did or can acquire jurisdiction to render a decision on the appeal of that cause. No liability on the bond has attached or ever can attach to the defendants on the bond, according to its terms, and only by the terms of the bond can they be made liable. Schuster v. Weiss, 114 Mo. 158; Bauer v. Cabanne, 105 Mo. 110; Lionberger v. Krieger, 88 Mo. 160; Warner v. C. M. L. I. Co., 109 U. S. 357. The judgment of the circuit court sustaining the demurrer is affirmed. All concur.