WILLIAM C. FORSEE, Relator, v EDWARD P. GATES, Judge, Respondent.

89 577
95 ²313
95 ²314

**Kansas City Court of Appeals, June 3, 1901.**

1. **Trial and Appellate Practice: APPEALS: TO WHAT COURT.**
   If an appeal is taken to the right court and the case sent to the wrong one, or if the appeal is to the wrong court and is sent there, in either case the appellate court should transfer the cause to the court having jurisdiction.

2. **Trial Practice: APPEALS: TO WHAT COURT: ORDER.** The court granting an appeal should designate to what court the appeal is taken, since this is a judicial act and can not be left to the ministerial officers of the court; and if the application fails to designate the court, the order granting the appeal should designate one.

3. ———: ———: **AMOUNT OF BOND: SUPERSEDEAS: STATUTORY CONSTRUCTION.** The fixing of an amount of the appeal bond is a judicial act, and the court has no authority to fix it at a less sum than double the judgment and costs, the statute being mandatory, yet, if the bond be fixed at less than such amount, it operates as a supersedeas until set aside.

4. **Prohibition: APPEALS: OBJECTIONS TO ACTION OF THE TRIAL COURT.** Where the trial court acts beyond its authority, to entitle the aggrieved party to a writ of prohibition, he should call the court's attention to the fact that its action was beyond its authority and jurisdiction.

Original Proceeding by Prohibition.

WRIT DISMISSED.

*Wallace & Wallace, Wm. C. Forsee* for plaintiff.

Vol 89 app—37

(1) The affidavit and orders in question were insufficient as a prayer for or allowance of an appeal. There must be a prayer or application for an appeal to a designated court, or the order allowing the appeal must designate the appellate court to which the appeal is allowed. Ins. Co. v. Bernard, 39 Ill. App. 267, 268; Gage v. Arndt, 114 Ill. 318; Smith v. Chitraus, 152 Ill. 664, 670; McGowan v. Duff, 41 Ill. App. 57; Starr and Curtis Dig., par. 89 and 68; R. S. 1889, sec. 2246; R. S. 1899, sec. 806; Const. Amend. 1885, sec.5; Little v. Reid, 141 Mo. 242, 246; Parker v. Zeisler, 139 Mo. 298; Caldwell v. Baldwin, 43 Ala. 617. (2) The judgment being one for the recovery of a specific sum of money, and the statute having fixed the minimum amount of the penalty of the supersedeas bond, the court had no power whatever to decrease the penalty below the minimum fixed by the statute. It had no more power to do this than it had to make an order of record that the appellant should have a stay of execution without any bond at all. The statute means what it says, and no court is at liberty to ignore its provisions. R. S. 1899, secs. 809, 815; State ex rel. v. Klein, 137 Mo. 673; Brewing Co. v. Talbot, 125 Mo. 388; Brewing Co. v. Talbot, 135 Mo. 170; Gawtry v. Adams, 10 Mo. App. 29, 34; Flynn v. Railroad, 62 Ia. 521; Barrett v. State, 34 Ala. 260; Ray v. Shehee, 34 La. Ann. 1106; Rawle v. Feltus, 33 La. Ann. 421; Caldwell v. Allen, 28 Gratt. 184.

*Rozzelle & Walsh* and *John G. Park* for defendants.

(1) The amount of penalty in a recognizance for appeal is in the discretion of the trial court. R. S. 1899, sec. 809; State ex rel. Heckel v. Klein, 137 Mo. 673. (2) Plaintiff has never applied in the court below for a modification of the order objected to. Until he shall have done so he can not ob-

tain a writ of prohibition. It nowhere appears in the petition that plaintiff ever requested Judge Gates to increase the amount of the appeal bond beyond $8,000, nor does it appear that prior to this application plaintiff ever objected to Judge Gates fixing the amount of the bond at that sum, and it does not appear that Judge Gates's alleged want of authority to fix the bond at that sum was ever called to his attention. 16 Ency. Pld. and Pr., p. 1128; State ex rel. v. Gill, 137 Mo. 681; Barnes v. Gottschalk, 3 Mo. App. 111, 115; State ex rel. v. Laughlin, 9 Mo. App. 486, 488. Mr. High on Extraordinary Legal Remedies (3 Ed.), of the writ of prohibition says: "Before it will be granted it must appear that the party aggrieved has applied in vain to the inferior tribunal for relief." (Sec. 765.) (3) Defendant Gates had jurisdiction over the subject-matter of the controversy and of the parties. He had jurisdiction to fix the amount of the appeal bond, and if he fixed it at too small a sum, his order was at most merely erroneous, and prohibition will not lie to correct the error, if any there be.

ELLISON, J.—A writ of prohibition was issued in this case by the Presiding Judge of this court, returnable to the court in session. It appears from the petition that the plaintiff in a certain cause pending before defendant E. P. Gates, one of the judges of the Jackson Circuit Court, obtained a judgment on January 19, 1901, against Catherine E. Donnell for $3,792.90 and costs. That afterwards, during same term of court, on February 2, 1901, the said Donnell made the following application for an appeal:

"State of Missouri, ⎱
⎰ ss.
County of Jackson. ⎰

"Now comes Catherine E. Donnell, and being duly sworn,

upon her oath, states that she is the defendant in the above entitled cause and prays the court that an appeal be allowed her in the said cause; that such appeal is not made for vexation or delay, but because affiant believes that the appellant is aggrieved by the judgment or decision of the court.

(Signed)                    "CATHERINE E. DONNELL."

That said circuit court granted said appeal in the following order: "And defendant files affidavit for appeal from the judgment and decision of the court in this cause, and upon due consideration thereof, the court grants and allows defendant an appeal in this cause as prayed for. And the court fixes defendant's appeal bond herein in the sum of $7,500."

That afterwards, on April 6, 1901, during the same term, defendant Donnell, applied for and obtained from the said court an order setting aside the aforesaid order of appeal and fixing appeal bond, and again granting an appeal and fixing appeal bond to be filed in vacation. Said order is as follows: "Now on this day it is ordered by the court that the order of the court heretofore made granting an appeal in this cause be and the same is hereby set aside and for naught held, upon good cause shown to the court. And it is further ordered by the court that the order of this court heretofore made fixing defendant's appeal bond herein in the sum of $7,500, be and the same is hereby set aside and for naught held. And defendant's affidavit for an appeal herein, heretofore filed, is now presented to the court and upon due consideration thereof, the court grants and allows defendant an appeal in this cause as prayed for. And the court now fixes defendant's appeal bond herein in the sum of $8,000, and defendant is given by the court until ten days after this court adjourns for the present term to file said appeal bond, to all 'which rulings of the court plaintiff excepts. And defendant is granted leave of

·court to file her bill of exceptions herein any time within sixty days from this date."

Plaintiff claims that said last order of appeal and order for appeal bond, for reasons set out in his petition, greatly en-·danger the collection of his judgment aforesaid, and that the said court of which Gates is the judge as aforesaid, was acting in excess of its powers and jurisdiction in making said last ·order of appeal and fixing the amount of the bond therefor. And that he has no other remedy than the interposition of this court by prohibition.

It will be observed that the application for an appeal does not state to what court the appeal is asked. And that both the original and second order allowing and granting the appeal fail to state to what court the appeal is granted. The statute in this State (Section 806, Revised Statutes 1899) is: "Any party to a suit aggrieved by any judgment of any circuit court in any civil cause from which an appeal is not prohibited by the Constitution, may take his appeal to a court having appellate jurisdiction," etc. The statute (Section 1657, Revised Statutes 1899) provides that in case of an appeal "being sent" from the trial court to the wrong court (Supreme or Appeals) the court to which it is so "sent" shall immediately transfer it to the proper court, that is, to the court having jurisdiction of such appeal. A case may be appealed to the proper court and inadvertently sent to the wrong court. But we interpret the word "sent" to embrace also the words "allowed," "granted" or "taken." So that if an appeal is taken to the right court and the case is sent to the wrong court; or, if the appeal is taken to the wrong court and sent there, the statute, in either case, means that the court to which the case comes shall transfer it to the court having jurisdiction. But it is necessary under any and all circumstances for the court granting the appeal to designate to what court the appeal is granted,

for this is a judicial act and must be passed upon by the court allowing the appeal. It is not for the parties, nor the ministerial officers of the court, to choose where a cause shall go on appeal. It is often a question of perplexity which of the appellate tribunals in this State has jurisdiction of an appeal. Our reports bear evidence of this. The matter, therefore, ought to be determined, in the first instance, by the trial court. If the application for appeal designates the court to which the appeal is asked and the court sustains such application, it would be an approval of the designation made in the application. If the application fails to so designate the court where the appeal is asked to be sent, the trial court should name the court in its order. The Missouri statutes on the subject is practically like that of Illinois, and in that State the view we have stated is announced in Ins. Co. v. Bernard, 39 Ill. App. 267, and Smith v. Chitraus, 152 Ill. 664.

It will be observed that, in the first order granting an appeal, the court fixed the appeal bond at $7,500, a sum less than double the amount of the judgment. The question is, is the court authorized to fix the bond at less than the judgment? The statute (Section 809, Revised Statutes 1899) enacts (italics ours) that upon proper application for an appeal, the court shall make an order allowing it, "and such allowance thereof shall stay the execution in the following cases *and no others* * * *; second, when the appellant, or some responsible person for him, together with two sufficient securities, to be approved by the court, shall, during the term at which the judgment appealed from was rendered, enter into a recognizance to the adverse party in a penalty *double the amount* of whatever debt, damages and costs, or damages and costs, have been recovered by such judgment, together with the interest that may accrue thereon, and the costs and damages that may be recovered in any appellate court upon the appeal,

\* \* \*; Provided, however, that the court may, at the time of granting an appeal, by order of record, fix the amount of the appeal bond and allow appellant time in vacation, not exceeding ten days, to file the same, subject to the approval of the clerk, and such appeal bond, approved by the clerk and filed within the time specified in such order, shall have the effect to stay the execution thereafter, and if any execution shall have been taken prior to the filing of said bond, the same shall be released."

The question requires us to say whether the statute, as to the amount of the bond, is mandatory or directory. We think it is mandatory. The court must put the amount of the bond in a sum which, at all events, is double the judgment recovered, and as much more as the court in its discretion may believe will make the bond double the judgment proper, and interest, costs and damages in addition. The court must necessarily use its judgment and discretion in fixing upon the amount of future interest, costs and damages, and, therefore, the total amount of the bond is properly said to be a matter for the determination of the court. But the court has no authority to place the penalty of the bond at a sum less than double the amount of the judgment recovered, for that is a definite and ascertained sum and falls directly within the absolute command of the statute. There is a large class of judgments which are not judgments for the direct payment of money, in which the court may exercise a discretion. In regard to this class see the cases of State ex rel. v. Dillon, 98 Mo. 90, and State ex rel. v Klein, 137 Mo. 673. If, however, the court has acted and has fixed and approved the bond at a sum less than double the amount of the judgment, it operates as a supersedeas until set aside in some appropriate manner.

The action of the court in fixing the bond at less than

double the amount of the judgment was unauthorized and it could properly set aside the order to that effect at any time during the term and before the order became effective by a perfected appeal of the cause.

But the court, by its second order, again fixed the bond at an insufficient sum, which it purposes approving unless restrained. It is more than double the amount of the judgment proper, but by including a single item of costs ascertained and allowed to the referee as a part of the judgment, the bond becomes less than double the amount which is required by the statute. The bond as fixed by the second order is, therefore, not a proper bond.

Notwithstanding the foregoing, the writ must be denied. It appears that no objection was made to Judge Gates or the court over which he presides, to any of the proceedings which are alleged to have been taken, or which it is alleged that Judge Gates proposes to take. So far as the record shows, no intimation was given him by this plaintiff that it was considered that he had acted, or proposed to act, beyond the authority and jurisdiction of the circuit court. This should have been done. 16 Ency. Plead. and Prac., 1128; State ex rel. v. Gill, 137 Mo. 661; State ex rel. v. Laughlin, 9 Mo. App. 486. It must be assumed that if such objection had been made it would have been duly considered and probably resulted in the relief plaintiff now seeks, without the necessity of interrupting the ordinary appellate business of this court by an application for this extraordinary writ.

The writ will be dismissed. All concur.