STATE, ex rel. C. K. REIFSNIDER, Relator, v. NAT GOLDSTEIN, Clerk of St. Louis Circuit Court, Respondent.

St. Louis Court of Appeals, Argued and Submitted June 19, 1918.
Opinion Filed July 12, 1918.

1. **COURTS: Appellate Courts: Governed by Decisions of Own Courts: Mandamus.** The appellate courts in the determination of all cases are governed by the decisions of our own courts, when they cover the point involved, and must determine the case upon the law as announced in those decisions.

2. **APPELLATE PRACTICE: Bonds: Appeal Bonds: Effect of Approved by Trial Court: Supersedeas: One Surety.** The order of the trial court approving an appeal bond and allowing the appeal operates as a *supersedeas*, although there is only one surety.

3. ———: ———: ———: **Stay of Execution.** It is not necessary that the order approving the appeal bond and allowing the appeal should also order a stay of execution; that follows.

4. ———: ———: ———: ———: **Sufficiency of Bond After Approval: Question for Appellate Court.** From the time the appeal is granted and the appeal bond approved by the trial court, the judgment itself is suspended and the execution stayed; the question of the sufficiency of the bond then becomes a matter for the appellate court.

MANDAMUS. ORIGINAL PROCEEDING.

ALTERNATIVE WRIT VACATED AND PEREMPTORY WRIT DENIED.

*Frank K. Ryan* for relator.

*Spencer & Donnell,* for respondent.

(1) The effect of the approval of Bond No. 1 (that is the bond approved July 9, 1917), by the circuit court, whether it was a valid statutory bond or not, was to stay execution until the Court of Appeals shall, on proper motion of plaintiff Reifsnider, order the approval set aside, and said bond has at all times operated and does now operate as a stay of execution. Forsee v. Gates, 89 Mo. App. 577; American Brewing Co. v. Talbot, 125 Mo. 388; State ex rel. v. Hirzel, 137 Mo. 435; State ex rel. v. Klein, 137 Mo. 673; State ex rel. v. Dillon, 98 Mo. 90. (2) Relator Reifsnider has an adequate remedy by filing a motion in the St. Louis Court of Appeals asking the court to set aside the approval of the bond and the stay of execution until a statutory bond be filed within such time as the court may direct, and consequently relator has no right to a writ of mandamus. State ex rel. v. Homer, 150 Mo. App. 329; Kreyling v. O'Reilley, 95 Mo. App. 561; American Brewing Co. v. Talbot, 125 Mo. 388; American Brewing Co. v. Talbot, 135 Mo. 170; State ex rel. v. Hudson, 226 Mo. 239. (3) Although the approval of Bond No. 1 acts as a *supersedeas,* and there is therefore no need of Bond No. 2, yet even had the approval of the first bond not operated as a *supersedeas,* the second bond would have been valid. L. & N. R. R. Co. v. McDonald, 79 Miss. 641; Porter v. Flick, 60 Neb. 773; United States v. McCabe, 129 Fed. 708; Railway v. Hamm, 103 S. W. 1125; Sartin v. Snell, 87 Kansas, 485; Railroad Co. v. Railroad Co., 3 Indiana, 239.

REYNOLDS, P. J.—On April 10, 1917, relator obtained a judgment against the Robinson Coal Company, a corporation, in the sum of $200 and costs. In due time that company filed its affidavit for appeal

and an appeal bond in the sum of $400, with one L. P. Robinson alone as' surety.   The court approved the bond and the appeal was perfected to our court. On July 31, 1917, the Robinson Coal Company filed an additional appeal bond in the sum of $400, with two sureties.   This latter bond was approved by a judge of the circuit court in vacation, he acting for the judge in whose court the case had been pending. On January 14, 1916, the relator applied to the circuit court for an order directing the respondent, clerk of the court, to issue an execution on the judgment. This was overruled by the judge, who filed a memorandum to the effect that, ''There were two appeal bonds approved by the circuit court in this case. They were both irregular in the approval, but the case is now pending in the, Court of Appeals and the supersedeas can only be set aside by that court.'' Citing authorities for this, the court overruled the motion for the execution.   Relator moved for a rehearing on this matter, which was overruled by the court, on the ground that the appellate court, to which the case was taken, ''is the proper court to make orders in this case.''   Thereupon, on May 28, 1918, the relator filed his petition for a writ of mandamus against the clerk of the circuit court and applied in vacation of the court for the writ of mandamus. An alternative writ was issued returnable to this court.   In due time respondent made return to the writ, in effect, claiming that the bond approved by the judge in vacation, which we will call bond No. 2, acted as a *supersedeas.*   Subsequently respondent filed an amended return, relying upon the bond, which had been before then approved in court and which is referred to as bond, No. 1.   On this return relator moved for a peremptory writ and the cause has been briefed by counsel representing the respective parties and argued in open court.

While counsel on either side have filed very elaborate briefs, the question lies within a very narrow compass.   Not considering nor passing upon the

effect of the giving of bond No. 2, which was approved by the judge of the court in vacation, the determination of the case depends upon the question as to whether bond No. 1, which was approved by the court and on which but one surety appeared, operated as a stay of execution; if it did not, relator is entitled to the writ; if it did, the alternative writ must be vacated and a peremptory writ denied. It is claimed by learned counsel for relator that bond No. 1 is void and did not act as a *supersedeas*. That counsel, as before said, filed a brief in which a number of authorities are cited from the courts of our State as well as from the courts of outside jurisdictions. But that counsel very frankly admitted at the argument that he found no decisions in this State which held that bond No. 1, on which there was but one surety, was void. He has, however, cited and quoted from a number of authorities from other States which hold that position. Our confidence in the learning and accuracy of that counsel, is such that we accept his statement as to the bearing and effect of those outside decisions, but we do not deem it necessary to go into an examination of them. We are to be governed in the determination of this, as of all cases, by the decisions of our own courts, when we find them covering the point involved, and must determine the case upon the law as announced in decisions of our own courts.

In State ex rel. Duggan v. Dillon et al., 98 Mo. 90, 11 S. W. 255, it is held that the order of the court approving the bond and allowing the appeal operates as a *supersedeas*. The amount in judgment was over $6000; a bond in the sum of $800 was approved. The Supreme Court held that the statute left it to the lower court to fix the amount of the bond. It is further held in that case (l. c. 93): "It is not necessary that the order approving the bond and allowing appeal shall say that execution is thereby stayed. The order of the court approving the bond and allowing the appeal operates as a *supersedeas;* noth-

(8)   (a)   The evidence of all witnesses, as well as the ing more is required. From the statutes just cited (secs. 3714 and 3719, Revised Statutes 1879, secs. 2042 and 2044, Revised Statutes 1909) it will be seen that it is the duty of the circuit court, in allowing an appeal, not only to inquire as to the sufficiency and solvency of the sureties, but it must also fix and determine the amount of the bond or recognizance. The court passes upon the sufficiency of the sureties and amount of the bond when it approves the bond and allows an appeal. From that time on the judgment is superseded and execution stayed.''

That was an application for a prohibition against a judge of the circuit court, to restrain him from disbursing certain moneys deposited in the court, the court proceeding to disburse the fund, notwithstanding the case had been appealed.

In State ex rel. St. Louis & Kirkwood R. Co. et al. v. Hirzel, Judge, et al., 137 Mo. 435, 37 S. W. 921, 38 S. W. 961, an original proceeding in the Supreme Court to obtain prohibition against a judge of the circuit court, the question was as to whether an appeal from an interlocutory judgment appointing a temporary receiver to preserve and manage a certain railway line would lie, and the effect of the amendment to section 2246, Revised Statutes 1889, allowing appeals where a temporary receiver is appointed and before the final determination of the case is involved. The circuit court had taken the view that the appeal did not stay proceedings, but our Supreme Court held this view was wrong, saying (l. c. 446):

"It was held in State ex rel v. Dillon (1889), 98 Mo. 90 (11 S. W. 255) that the approval of an appeal bond determines the question of its sufficiency as a stay of proceedings, until the further order of some competent court. That ruling has been recently approved. [American Brewing Co. v. Talbot (1896), 135 Mo. 170, 36 S. W. 657.] There are some decisions to the contrary. [Parker v. Railroad

(1869), 44 Mo. 415; State ex rel. v. Adams (1881), 9 Mo. App. 464.] But we believe that the Dillon Case declares the correct meaning of the statute. [Sec. 2249.]'' [Section 2249, of the revision of 1889, there referred to, as amended by the Laws of 1897, p. 57, is section 2042, Revised Statutes 1909.] ''So the approval of the bond in the Spencer Case (which was the title of the case in the circuit court) operated to stay all proceedings to enforce the receivership order; and, as incident to that stay, it had likewise the effect to release the property to the party from whom it had been taken by reason of the order of appointment of the receiver.'' The doctrine announced in the Hirzel Case, supra, is reitterated and approved in State ex rel. v. Klein, 137 Mo. 673, l. c. 679.

In Forsee v. Gates, 89 Mo. App. 577, Judge Ellison, speaking for the Kansas City Court of Appeals, it is held (l. c. 583), and referring to State ex rel. v. Dillon, supra, and State ex rel. v. Klein, supra, that there is a large class of judgments which are not judgments for the direct payment of money, in which the court may exercise a discretion but, says the court, ''If, however, the court has acted and has fixed and approved the bond at a sum less than double the amount of the judgment, it operates as a *supersedeas* until set aside in some appropriate manner.'' There the circuit court had approved a bond in a less sum than double the amount of the judgment.

We think these cases are conclusive upon the question here involved.

Our conclusion is that our alternative writ was improperly issued. It is vacated and a peremptory writ denied. *Allen,* and *Becker, JJ.,* concur.