STATE EX REL. N. W. HELM, RELATOR, v. J. E. DUNCAN, JUDGE OF CIRCUIT COURT OF PEMISCOT COUNTY, RESPONDENT.*—36 S. W. (2d) 679.

In the Springfield Court of Appeals. Opinion filed March 6, 1931.

*C. G. Shepard* and *Von Mayes* for relator.

*McKay & Peal* and *Ward & Reeves* for respondent.

COX, P. J.—The relator, N. W. Helm, filed suit in the Circuit Court of Pemiscot County against Henry P. Talmadge, Jacob H. Van Deventer, a partnership, Steel Compress Company, a corporation, and C. C. Hanson. On the application of plaintiff, a receiver for certain property was appointed by the court and the property delivered to him. Defendants filed a motion to set aside the order appointing a receiver and for his discharge and a return of the property to defendants. This motion was overruled by the court and from the order overruling that motion, defendants appealed to this court and that case is now pending here. When the affidavit for appeal was filed and appeal granted, the court fixed the amount of the appeal bond at $10,000 and made an order allowing defendants ten days in vacation in which to file the same with the clerk of the court, the bond when filed to be approved by the clerk. Defendants executed an appeal bond and filed it with the clerk in vacation and it was approved by him. After this was done the defendants demanded possession of the property from the receiver who refused to deliver it to them. Defendants then applied to the judge of the circuit court of Pemiscot county in vacation for an order by him as judge of the court directing the receiver to deliver the property in his possession back to defendants pending the appeal from the order of the court refusing to discharge the receiver. The judge expressed an intention to make the order as requested by the defendants when relator asked the judge to withhold the order until he could apply to this court for a writ of prohibition to prohibit his making such an order. This, the judge kindly agreed to do. The relator then filed his petition in this court asking for a writ of prohibition against the judge. Issue and service of temporary writ has been waived, a return filed and the case submitted on the question of whether a permanent writ should issue.

The questions here involved are, first, whether the appeal bond executed by defendants and approved by the clerk of the court operated as a *supersedeas* and made it the duty of the receiver to return the property in his hands to the parties from whom he received it when he was appointed receiver.

Second; whether the judge of the court had the power in vacation to make an order that would be binding on the receiver.

We may observe generally that no appeal lies in any case except as the same may be provided for by statute. [Segall v. Garlichs, 313 Mo. 406, 281 S. E. 693.] That being true, it necessarily follows that the terms upon which an appeal may be secured and what will

be necessary to be done in order to stay execution pending the appeal must also be provided by statute. The provisions made by statute as to these matters are as follows: To secure an appeal the aggrieved party must file an affidavit as provided by section 1020, Revised Statutes 1929. In civil cases the docket fee of $10 must be paid to the clerk of the trial court, section 1021. If the proper affidavit is timely filed and the docket fee paid, the appeal goes as a matter of right. If a stay of execution pending the appeal is sought, a bond must be filed as provided in section 1022, Revised Statutes 1929, except in the cases therein excepted. In order to secure a stay of execution pending an appeal that section of the statute contains the following provisions as to the appeal bond: "When the appellant or some responsible person for him together with two sufficient sureties to be approved by the court shall, during the term at which the judgment appealed from is rendered, enter into a recognizance to the adverse party in a penalty double the amount of whatever debt, damages and costs or damages and costs have been recovered by such judgment, together with the interest that may accrue thereon and the costs and damages that may be recovered in any appellate court upon the appeal, conditioned that the appellee will prosecute his appeal with due diligence to a decision in the appellate court and shall perform such judgment as shall be given by such court or such as the appellate court may direct the circuit court to give and if the judgment of such court or any part thereof be affirmed that he will comply with and perform the same so far as it may be performed and will pay all damages and costs which may be awarded against the appellant by any appellate court: Provided, however, that the court may, at the time of granting an appeal, by order of record, fix the amount of the appeal bond and allow appellant time in vacation, not exceeding ten days, to file the same subject to the approval of the clerk; and such appeal bond approved by the clerk and filed within the time specified in such order shall have the effect to stay the execution thereafter. . . . ."

This statute is general in its application and seems to be intended to fully provide for all stays of execution in civil cases. Section 1018, Revised Statutes 1929, provides that an appeal may be taken from an order refusing to revoke the appointment of a receiver but says nothing about a stay of proceedings as to the receiver pending the appeal. To secure a stay, the appellant is remitted to the provisions of section 1022 above set out, unless it should be held that a court of equity, by reason of its inherent powers, might require conditions to be inserted in the appeal bond that are not provided by the statute, a question which we cannot decide in this proceeding. In this case the court, when the appeal was granted, fixed the amount of the appeal bond at $10,000, the same amount of the bond which

the receiver was required to give when he was appointed, and also made an order allowing the appellant to file appeal bond in vacation with the clerk of the court as the statute provides may be done. An appeal bond in the usual form containing the conditions provided by the statute was filed with the clerk of the court and approved by him. At the time the order was made for the clerk to take and approve the bond, the court was not asked to make an order requiring any conditions to be included in the bond other than those provided in the statute and it is clear to us that without such an order the clerk could not require that anything other than the statutory conditions should be included in the bond. All he could do was to take a statutory bond such as he did take. If any provisions not fixed by the statute should be included in the bond, or if the form of the bond did not sufficiently protect the appellee, he should have applied to the trial court for directions to the clerk or have made application to this court for an order requiring a new bond. [Keaton v. Boughton, 83 Mo. App. 158; American Brewing Company v. Talbot, 125 Mo. 388, 28 S. W. 585; American Brewing Co. v. Talbot, 135 Mo. 170, 36 S. W. 651.]

We are not passing on the question whether the trial court or this court would have the power to require any provisions to be inserted in an appeal bond other than those named in the statute. All we do say is that if it can be done at all, it must be done by a direct application for that purpose and could not be done in this proceeding.

As to whether the statutory appeal bond such as was filed in this case shall act as a *supersedeas* and require the receiver to deliver the property in his hands back to the parties from whom he had received it has, we think, been finally settled by the Supreme Court of this State in the cases of State ex rel. v. Hirzel, 137 Mo. 435, 37 S. W. 921, and State ex rel. v. Klein, 157 Mo. 673, 39 S. W. 272.

The facts in the Hirzel case and the legal principle therein involved are so similar to the facts and principle in this case as to bind us here. On the authority of that case we must now hold that the ordinary appeal bond such as was filed in this case was sufficient to act as a *supersedeas* and require the receiver to deliver the property in his hands back to the parties from whom he received it.

It is contended that after the court adjourned, the judge, in vacation, had no power to make any order in the case and that this writ should go for that reason. We are not impressed with that argument in this case. Generally speaking, the contention is correct, but it does not necessarily follow that prohibition will lie in every case to prohibit the contemplated act of the judge. In the first place, the duty of an appellate court to issue a writ of prohibition is not mandatory in all cases but a large element of judicial discre-

tion is allowed in determining whether or not it should issue in a given case. [32 Cyc. 599; Davidson v. Hough, 165 Mo. 561, 575, 65 S. W. 731.]

In the latter case, it is said, page 575, "A writ of prohibition is not a writ of right. Before it is granted two things must appear; First, that the law sanctions it, and second, that a sound judicial discretion commends it." It will not be used to prohibit an act that has already been done because its issuance at that time could accomplish nothing. [Klingelhoefer v. Smith et al., 171 Mo. 455, 71 S. W. 1008; State ex rel. Haughey v. Ryan, 180 Mo. 32, 79 S. W. 429.]

Upon the same principle it should never issue when its operation would not in any way affect the rights or interest of a party asking for it. The appeal bond given in this case, *ipso facto,* operated as a *supersedeas* and the rights of the parties as to the possession of the property pending the appeal became fixed at that time without any order being made by the court or judge. In State ex rel. v. Dillion, 98 Mo. 90, on page 93, the Supreme Court said: "It is not necessary that the order approving the bond and allowing the appeal should say that execution is thereby stayed. The order of the court approving the bond and allowing the appeal operates as a *supersedeas.* Nothing more is required." When the appeal bond was filed and approved by the clerk as the court had directed should be done, that fact alone operated as a *supersedeas* and it immediately became the duty of the receiver to deliver the possession of the property in his hands to the defendants. As long as the court or judge attempts to do nothing that interferes with the rights of the parties as already fixed by the filing and approval of the appeal bond, relator could not suffer thereby and there can be no necessity for this court to prohibit an act that can do no injury to relator even though the act sought to be prohibited may be one that the judge had no legal right to do or perform.

The writ will be denied. *Bailey* and *Smith, JJ.,* concur.