A. G. SANDERS, RESPONDENT, v. D. L. OWENS AND T. M. STOFFLE, APPELLANTS.—40 S. W. (2d) 738.

In the Springfield Court of Appeals. Opinion filed July 3, 1931.

*Ward & Reeves* for appellant Stoffle.

*Von Mayes* and *N. C. Hawkins* for respondent.

SMITH, J.—This cause was appealed from the circuit court of Pemiscot county and is returnable to the next, October, term, of this court, at which term the case will be for consideration on its merits, but the plaintiff has filed the following motion in this court.

"Now comes the respondent in the above-entitled cause and moves the court to vacate and set aside the action of the clerk of the circuit court of Pemiscot county, Missouri, approving in vacation the appeal bonds given and filed by appellants in said cause and require appellants to give a good and sufficient appeal bond in said cause, for the following reasons:

"1st. Because said appeal bonds require appellants to perform such judgment as may be given by the Springfield Court of Appeals or such judgment as the Springfield Court of Appeals may direct the circuit court of Pemiscot county, Missouri, to give, and contain no condition requiring appellants to perform any judgment of any other appellate court, and therefore said bonds are insufficient and fail to comply with the provisions of section 1022, Revised Statutes 1929.

"2d. Because the appeal bond given and filed by the appellant, D. L. Owens, is signed by only one security and therefore said bond is insufficient and fails to comply with the provisions of section 1022, Revised Statutes 1929.

"3rd. Because the appeal of appellants was jointly taken and therefore a joint appeal bond by appellants should be made and filed in lieu of separate bonds.

"In support of this motion respondent files herewith and annexes hereto true copies of the motion for new trial, affidavit for appeal and appeal bonds filed in said cause, duly certified to by the clerk of the trial court.

The record before us shows that the plaintiff in the suit in the circuit court filed a petition seeking a judgment against these two defendants and other directors of the Bank of Wardell to require them to pay the amount of money the plaintiff had on deposit in said bank at the time it failed, on the theory that the bank, at the time the deposits were made by plaintiff, was insolvent and the officers and directors knew it was insolvent. Judgment was had against D. L. Owens who was the cashier of the bank and T. M. Stoffle, President, but in favor of the other defendants who were directors.

The record shows that Owens was represented in the trial of the cause in the circuit court by one firm of lawyers and that Stoffle was represented by another firm of lawyers, Ward & Reeves, and that Stoffle, through his attorneys, is contesting this motion.

When judgment was had in the circuit court a joint motion for new trial was filed signed by attorneys for both of these defendants. Upon its being overruled one affidavit for appeal was filed and upon that affidavit an appeal was granted to both of these defendants to this court. The amount of the appeal bond was fixed at $2,000. Each of the defendants gave separate bonds. The bond of D. L. Owens for $2,000 was signed by M. C. Owens as surety. The bond of T. M. Stoffle was signed by J. H. Walker and J. T. Swift as sureties. No complaint is made as to the solvency of these bonds. The complaint as shown by the above motion, is, First, that the bonds contain no condition requiring appellants to perform any judgment of any other appellate court, and is therefore insufficient to comply with the provisions of section 1022, Revised Statutes 1929. Second, because the appeal bond given by D. L. Owens is signed by only one surety, and does not comply with the provisions of said section 1022 and, Third, because the appeal of the appellants was jointly taken, a joint appeal bond should be made and filed in lieu of separate bonds.

Each of the two bonds filed and approved by the clerk of the circuit court after stating that an appeal had been granted to the Springfield Court of Appeals, contains the following language: "Now therefore, if the said (the name T. M. Stoffle appears in the bond executed by him, and the name D. L. Owens appears in the bond executed by Owens) shall prosecute his appeal with due diligence to a decision in said Springfield Court of Appeals, and shall perform such judgment as shall be given by the said Springfield Court of Appeals in the premises, and such a judgment as the said Springfield Court of Appeals shall direct the circuit court aforesaid, to give; and in case the judgment first aforesaid of the last named court or any part thereof shall by said Springfield Court of Appeals be affirmed; if then the said appellant shall comply with and perform the same so far as it may be affirmed, and shall pay all damages and costs which may be awarded against said appellant by said Springfield Court of Appeals, then this obligation shall be null and void; otherwise it shall remain in full force and effect"

Section 1018, Revised Statutes 1929, provides that any party may appeal from any judgment of any circuit court to a court having appellate jurisdiction. [Thomas v. Elliott, 215 Mo. 298, 114 S. W. 987.] The Springfield Court of Appeals has appellate jurisdiction of cases like this tried in the circuit court of Pemiscot county, and the appeal was properly granted to this court by an order of the trial court. The trial court performed its duty in designating this court as the one to which the case should be appealed. [Forsee v. Gates, 89 Mo. App. 577.] The bonds were given to stay execution while the appeal was pending, in keeping with sections 1022 and 1024, Revised Statutes 1929. There is no possibility that we can think of wherein this cause could by any chance be transferred to either of

the other two courts of appeals wthin this State. There is a possibility that this cause might be transferred to the Supreme Court, but if for any reason it should be so transferred to that court, we think the bond would be good, and the statute read into it, and that it could be enforced in its present form. But if that court should hold otherwise, we feel sure a new bond could there be required. [American Brewing Co. v. Talbot, 125 Mo. 388, 28 S. W. 585; Keaton v. Boughton, 83 Mo. App. 158; Zellars v. National Surety Co., 210 Mo. 86, 108 S. W. 548.]

In the second contention the plaintiff claims that because D. L. Owens' bond is signed by only one surety it is insufficient. No. compaint is made as to the solvency of Owens' bond. This complaint is not directed to Stoffle's bonds, because it is signed by two sureties and no complaint is made of its solvency. The record shows that the bonds were both approved. There is no question that Stoffle's bond acted as a *supersedeas* as to the judgment against him, if in fact separate bonds may be given, which we shall discuss later. The case of State ex rel. Reifsnider v. Goldstein, 200 Mo. App. 60, 205 S. W. 529, holds that the order of the trial court approving an appeal bond and allowing the appeal operates as a *supersedeas,* although there is only one surety.

This is not a proceeding to dismiss the appeal, but is a motion for an order from this court to vacate the order approving the appeal bonds, which we think we should not do.

The third contention is that only one bond should have been given, and that it should have been executed by the parties jointly. The plaintiff says that he is unable to find any decisions in this State on the point; the defendant does not cite any decisions on the point, nor have we found any. It seems then we are to establish a precedent by this decision.

This is a suit filed by one individual against several individuals, seeking a judgment against one or all of them. The judgment in the circuit court was favorable to some of the individual defendants and unfavorable to these two. These two have appealed. When the case is heard in this court the holding may be favorable to one and unfavorable to the other of the defendants. It is apparent that the interest of these individual defendants may not be the same. We can vision a situation where one of these defendants might be vitally interested in the results of this appeal and the other not; one may have a meritorious defense and the other have none; one might be perfectly solvent and liable under an execution, the other might be insolvent and not concerned about the results.

The court of appeals might affirm the judgment against one and reverse as to the other. The solvent defendant might be willing to make his own appeal bond, but unwilling to make the bond for

the insolvent defendant. Can we say, or should we say, that the one should make the *supersedeas* bond for both and thus become liable for both? Can the statute of this State so be read?

Section 1018, Revised Statutes 1929, says that any party to a suit aggrieved by any judgment may appeal if the appeal is not prohibited by the Constitution. The appellant must be a party aggrieved. [Thomas v. Elliott, 215 Mo. 598, 114 S. W. 987.]

Sections 1020 and 1021, Revised Statutes 1929, provide that the conditions under which appeals are allowed.

No bond is required to appeal. Section 1022, Revised Statutes 1929, provides what an appellant may do, if he wants an execution stayed while the appeal is pending. That section does not indicate in the least that all of the parties appealing must join in the application for an appeal, nor does it say that a *supersedeas* bond must be executed by all or for all the appellants. We think the most reasonable construction to be placed upon our statutes is that any aggrieved party may appeal by complying with the statutes relative to appeals, and that any appellant may stay an execution against his individual property pending the appeal, by giving a bond as the statute requires, and this bond may be given by any individual appellant regardless of whether the other appellants join in that bond or give a separate bond.

It follows that the plaintiff's motion should be overruled. It is so ordered. *Cox, P. J.,* and *Bailey, J.,* concur.